STATE OF NORTH CAROLINA v. ABRAM C. CAUDLE, III

No. 7018SC98

(Filed 25 February 1970)

**1. False Pretense § 5— credit card fraud — felony — misdemeanor — punishment**

If goods or services or other things of value obtained by fraudulent use of a credit card do not exceed $500 in any six-month period, conviction is punishable by fine of not more than $1000 or imprisonment for not more than one year, or both; if the value is more than $500, the crime is a felony punishable by fine of not more than $3,000 or imprisonment for not more than three years, or both. G.S. 14-113.13, G.S. 14-113.17.

**2. False Pretense § 5— credit card fraud — sufficiency of warrant**

Warrant alleging that defendant on three consecutive dates wilfully and feloniously purchased goods and services valued at $631.78 from named businesses by use of a specified credit card when he knew the credit card had been revoked by the bank which issued it, and with intent to defraud said bank, *is held* sufficient to charge felonious credit card fraud and necessarily to charge all the essential elements of misdemeanor credit card fraud.

**3. Criminal Law § 16; Courts § 14— warrant charging felony — guilty plea to misdemeanor — jurisdiction of municipal-county court**

Where defendant was brought before a municipal-county court upon a warrant charging felonious credit card fraud, jurisdiction of the court was not limited to a probable cause hearing, but the municipal-county court had jurisdiction to accept defendant's plea of guilty of the lesser included offense of misdemeanor credit card fraud.

**4. Criminal Law § 23— guilty plea — appellate review of judgment**

Where a defendant pleads guilty, his appeal from judgment entered thereon cannot call into question the facts charged or the regularity and correctness in form of the warrant, but can only bring up for review the question of whether the facts charged and admitted by the plea constitute an offense punishable under the laws and constitution.

**5. Criminal Law §§ 143, 161— exception to judgment activating suspended sentence**

Exception to a judgment activating a suspended sentence challenges the sufficiency of the findings of fact by the judge to support his judgment.

**6. Criminal Law § 143— revocation of suspension of sentence — conclusion that violation was without lawful excuse — sufficiency of findings**

Where defendant was required under the terms of a suspended sentence for credit card fraud to make restitution to the bank which issued the credit card, mere finding that defendant had violated the terms of the suspended sentence and was $800 in arrears in his restitution payments is insufficient to support the court's conclusion that the violation was without just cause or excuse.

APPEAL from *May, S.J.,* 10 September 1969 Session of GUILFORD County Superior Court.

Defendant was charged in a warrant with a felonious credit card fraud in violation of G.S. 14-113.13. He was arrested 28 August 1968, and his case was called at the 17 September 1968 Session of the Greensboro Municipal-County Court. He was represented by privately retained counsel and entered a plea of guilty to a non-felonious fraudulent use of a credit card. The plea was accepted and judgment was entered that he be confined in county jail to be assigned to any county institution to work for one year. The judgment was suspended for four years upon the following conditions: (1) that he pay a fine of $15 and costs, (2) that he pay into court the sum of $7,326.29 for the use and benefit of North Carolina National Bank, Greensboro, North Carolina, in monthly payments of $200 each, the first payment to be made on 1 November 1968 and monthly thereafter until the entire amount of $7,326.29 is paid, and (3) that he be of general good behavior and not violate any criminal laws of the State of North Carolina for four years. The fine and costs were paid on 1 November 1968. On 2 December 1968, in accordance with the provisions of G.S. 7A-131 and 7A-135, the matter was transferred to the docket of the District Court of Guilford County. On 3 April 1969, the prosecutor filed a bill of particulars alleging that defendant had violated the terms and conditions of his suspended sentence in that he had failed to make the payments required thereby and was, at that date, $820 in arrears. On 5 June 1969, the following order was entered:

"It appearing to the court and the court finding as a fact: The defendant, willfully failed and refused to comply with the judgment in the above entitled cause in that he willfully violate (sic) Terms of Suspended Sentence

IT IS ORDERED THAT the above sentence be placed in effect."

From the entry of this order defendant appealed to the Superior Court.

After a hearing *de novo,* the defendant being represented by counsel, the court entered an order finding facts and making conclusions of law. The court found as a fact "That on the 3rd day of April, 1969, the defendant had paid only $180.00 for restitution and at said time he was in excess of $800.00 in arrears on the required restitution payments", and "That the defendant was on the date of his hearing in the District Court several hundred dollars in arrears

on the restitution payments required by the terms of his suspended sentence; that this constituted a wilful and deliberate violation of the terms of said suspended sentence and said violation was without just cause or excuse." Upon the findings of fact the court concluded as a matter of law that the defendant "wilfully violated the terms of said sentence and that said violation was without just cause and excuse." Defendant appealed to this Court.

. *Attorney General Robert Morgan by Staff Attorney Mrs. Christine Y. Denson for the State.*

*John W. Hinsdale for defendant appellant.*

MORRIS, J.

At the hearing, defendant made two motions in arrest of judgment. One was based upon his contention that the municipal-county court of the City of Greensboro had no jurisdiction to render a verdict of guilty of a misdemeanor in that the only process it had before it charged a felony, and the guilty plea did not remove the requirement that a bill of indictment is necessary to be returned by the grand jury. The basis for the second motion was that the warrant charges no crime. Defendant excepted to the court's denial of both motions. His only two assignments of error are directed to the court's denial of these two motions.

The assignments of error are without merit.

[2]  The warrant charges that the defendant "on or about the 17, 18 and 19th day of July, 1968, with force and arms, at and in Guilford County, except High Point, Deep River and Jamestown townships; did unlawfully and willfully and feloniously, and knowingly purchase goods and service, valued at $631.78, from Gate City Pharmacy, Piedmont Jewels, Gin-Ettes, Roses, Incorporated, Sports and Hobbies Unlimited, Incorporated, Thomas Photo, Lafayette Radio Electronics, Bryson's Florist, Rogers Jewelers, Guy Hill, Incorporated, Barth Men Shop, Cass Jewelers, Warren's Toyland, G.I. 1200, Charcoal Steak House, and Max Feiner Rex, all of Greensboro, North Carolina, By use of North Carolina National Bank-Americard Card Number 342-120-304-239, when he knew that the said credit card had been revoked by North Carolina National Bank, and with the intent to defraud North Carolina National Bank out of the said sum of $631.78, in violation of Chapter 14, Section 113.13(a)(1), General Statutes of North Carolina, . . ."

[1]  G.S. 14-113.13 and 14-113.17 provide that if the goods or ser-

vices or other things of value obtained do not exceed $500 in any six-month period, conviction is punishable by fine of not more than $1000 or imprisonment for not more than one year, or both. However, if the value be more than $500, the crime is a felony and shall be punishable by a fine of not more than $3000 or imprisonment for not more than three years, or both.

[2]    Obviously, the warrant, in charging the major offense necessarily includes within itself all of the essential elements of the minor offense. Since it does contain all the essential elements of the minor offense, it sufficiently alleges the misdemeanor to which defendant entered a guilty plea. *State v. Rorie*, 252 N.C. 579, 114 S.E. 2d 233 (1960).

[3]    The municipal-county court in Greensboro is given "Original, exclusive and final jurisdiction of all violations of ordinances of the City of Greensboro and of all criminal offenses below the grade of felony, as defined by law, and above the grade of those offenses, the final jurisdiction of which is now, or may hereafter be, given to justices of the peace under the Constitution and laws of North Carolina;", Chapter 971, § 3(b)(1), 1955 Session Laws, and "Original and concurrent jurisdiction, as the case may be, to hear and bind over to the proper court all persons charged with any crime committed within the territorial jurisdiction of the court, wherever the Superior Court is now given exclusive original jurisdiction;". Ibid, § 3(b)(3). The legislation authorizing the court also provides that "In all cases heard by the judges of the court as committing magistrates in any case where the court does not have final jurisdiction, and in which probable cause of guilt is found, the defendant, or defendants, shall be bound in bond or recognized, with sufficient surety, to appear at the next succeeding criminal term of the Superior Court of Guilford County, Greensboro Division, . . ." Ibid, § 4, Rule 15.

Defendant contends that the municipal-county court was without jurisdiction to accept a plea to a misdemeanor but was restricted to a probable cause hearing, and that, therefore, the judgment entered by the court is a nullity. Though we find no specific and direct authority on this particular point, we are loathe to condemn a procedure of the courts practiced in this State for many years. It is used, not as a hinderance, but as an aid to the due and fair administration of justice. Nor do we perceive this position to be devoid of authority. In 2 Strong, N.C. Index 2d, Criminal Law, § 16, p. 502, we find this: "Where a court having original jurisdiction limited to petty misdemeanors issues its warrant charging misapplication of partnership funds, the warrant charges a misdemeanor beyond the

jurisdiction of the court, and is invalid. Similarly, where an inferior court does not have jurisdiction of felonies, it may not convict defendant of a misdemeanor upon a warrant charging a felony *unless the misdemeanor is a lesser degree* of the crime charged." (Emphasis supplied.)

In *State v. Jernigan,* 255 N.C. 732, 122 S.E. 2d 711 (1961), defendant appealed from a judgment of the superior court activating a suspended sentence imposed by the municipal-county court of Guilford County. Defendant was brought before the municipal-county court on a warrant charging the abominable and detestable crime against nature with a woman, specified by name in the warrant, in violation of G.S. 14-177. The record proper in that court revealed the following: "The defendant entered a plea of Probable Cause Hearing to the above offense, and, upon hearing the evidence, the court rendered a verdict of Guilty (Assault on Female)". A prison sentence was imposed suspended upon certain conditions. Subsequently, after a hearing, the court found that defendant had violated the conditions and entered judgment activating the sentence. Defendant appealed to the Superior Court. There the court heard *de novo* the question whether defendant had violated the conditions and also entered judgment activating the sentence. On appeal to the Supreme Court, defendant contended that when he, in municipal-county court, entered a "plea of probable cause hearing to the offense charged", the court should have bound him over to Superior Court for trial on that offense and committed error when it heard evidence and found him guilty of an assault on a female, because it had no jurisdiction. The Court, speaking through Justice Parker (later C.J.) noted that the warrant did not aver that the woman named therein was unwilling, or that compulsion or force was used, or that an assault was committed against her. Therefore, the offense of assault on a female could not be a lesser included offense included in the felony charge set out in the warrant. The Court said:

> "An assault upon a woman is not a less degree of the crime of sodomy charged in the warrant here. (Citations omitted.)
>
> The municipal-county court 'rendered a verdict' the defendant is guilty of an assault upon a female, and imposed sentence upon him without a warrant, or a waiver thereof, *and without a plea by defendant to such an offense,* or the intervention of a jury." (Emphasis supplied.)

The Court concluded that the municipal-county court was without jurisdiction to "render a verdict" on the misdemeanor, impose sen-

tence, or activate the sentence. Our interpretation of the opinion is that had the misdemeanor been a lesser included offense and had defendant entered a guilty plea to the lesser included offense, the Supreme Court would have had no difficulty in approving the procedure. Nor do we perceive that this interpretation does violence to Article I, Section 12, North Carolina Constitution.

**[4]** Defendant urges that even if the court had jurisdiction, the warrant is defective in not setting out the particular goods or services obtained.

> "Defendant's plea of guilty was equivalent to a conviction of the offense charged, and no other proof of guilt was required. *S. v. Smith,* 265 N.C. 173, 143 S.E. 2d 293, quotes *S. v. Warren,* 113 N.C. 683, 684, 18 S.E. 498, 498, as follows: 'The defendant having pleaded guilty, his appeal could not call in question the facts charged, nor the regularity and correctness in form of the warrant. * * * The appeal could only bring up for review the question whether the facts charged, and of which the defendant admitted himself to have been guilty, constitute an offense punishable under the laws and constitution.' To the same effect, 5 Wharton's Criminal Law and Procedure (Anderson Ed. 1957) § 2247, p. 498." *State v. Woody,* 271 N.C. 544, 157 S.E. 2d 108 (1967) quoting *State v. Perry,* 265 N.C. 517, 144 S.E. 2d 591 (1965).

**[5, 6]** It appears from the record before us that the court found as facts that the defendant had paid only $180 for restitution and at the time of his hearing in municipal-recorder's court was in excess of $800 in arrears; that this constituted a willful and deliberate violation of the terms of said suspended sentence and said violation was without just cause and excuse. It also appears from the record that on these findings of fact the court concluded as a matter of law that the failure to pay was without just cause and excuse. The exception to the judgment challenges the sufficiency of the findings of fact by the judge to support his judgment putting the one-year sentence into effect. *State v. Robinson,* 248 N.C. 282, 103 S.E. 2d 376 (1958). The mere finding that defendant has violated the terms of the suspended sentence and was in arrears on 3 April 1969 in excess of $800 is insufficient to support the conclusion reached by the judge "that this constituted a wilful and deliberate violation of the terms of said suspended sentence and said violation was without just cause or excuse." *State v. Robinson, supra.*

The judgment activating the twelve months sentence is vacated and the proceeding remanded for further hearing in order that the

judge may, in his sound discretion, determine whether the failure of defendant to make the required payments was without lawful ex-·cuse. The judge's findings of fact should be definite, and not mere conclusions. *State v. Robinson, supra.*

Remanded.

MALLARD, C.J., and VAUGHN, J., concur.