STATE OF NORTH CAROLINA v. LAWRENCE BUTCHER

No. 706SC477

(Filed 16 December 1970)

1. Criminal Law §§ 99, 143— nonapplicability of G.S. 1-180 to probation revocation hearing

The provisions of G.S. 1-180 prohibiting a court from giving an opinion on the evidence in the presence of the jury are not applicable in a probation revocation proceeding where no jury is present.

2. Criminal Law § 143— probation revocation hearing — questions asked by trial court

Questions propounded by the court to witnesses during a probation revocation hearing constituted a legitimate inquiry into the facts alleged in the report of defendant's probation officer.

3. Criminal Law § 143— revocation of probation — breach of condition "without lawful excuse" — necessity for finding of willfulness

It was not necessary for the court to find that defendant's breach of a condition of his probation was "willful" in order to activate defendant's suspended sentence where the court found that such breach was "without lawful excuse."

4. Criminal Law § 143— revocation of probation — failure to make payments into clerk's office — defendant's earnings — breach of condition "without lawful excuse"

In this proceeding to revoke defendant's probation for his failure to comply with a condition of his probation that he make specified periodic payments into the office of the clerk of court to be applied to the court cost and to the medical expenses incurred by the victim of defendant's assault, the evidence supported the court's findings that defendant had earnings in excess of certain voluntary expenditures defendant testified he had made which could have been paid into the clerk's office as ordered, and such findings support the court's conclusion that failure to make the payments was "without lawful excuse."

5. Criminal Law § 143— revocation of probation — failure to make payments into clerk's office — lawful excuse — voluntary payment of other expenses

It was not incumbent upon the court in a probation revocation proceeding to find that defendant's voluntary payment of certain expenses was a "lawful excuse" for his failure to make periodic payments into the office of the clerk of court as required by a condition of his probation.

6. Criminal Law § 143— revocation of probation — failure to make payments into clerk's office — voluntary payment of defendant's hospital bill and expenses of illegitimate child

It was within the discretion of the trial court in this probation revocation proceeding to decide whether, under the circumstances, defendant was justified in paying his own hospital bill and expenses

in connection with an illegitimate child born eleven months after the probation judgment was entered while ignoring payments ordered by the court, which included a hospital bill incurred by the victim of defendant's assault.

APPEAL by defendant from *Cohoon, Superior Court Judge,* April 1970 Session of HALIFAX County Superior Court.

On 9 August 1968 judgment was entered sentencing defendant to two years imprisonment upon his plea of guilty to the offense of assault with a deadly weapon. The prison sentence was suspended and defendant was placed on probation for a period of five years. A special condition of probation was that defendant pay into the office of the clerk of Superior Court of Northampton County the sum of $654.40 at the rate of $50 every two weeks. The money was to be applied by the clerk to the payment of the court cost and certain doctor's and hospital bills incurred by the prosecuting witness.

Defendant failed to make the payments as ordered and on 31 October 1968, Judge Hubbard entered an order finding this a willful violation of the terms and conditions of probation. However, he directed that defendant be continued on probation and that the payments required as a condition of probation be reduced to $20 weekly.

On 5 August 1969 a hearing was held before Judge Parker upon the request of the defendant's probation officer who alleged in his report that defendant had failed to make the payments as required under the order of Judge Hubbard. Judge Parker found that defendant was in arrears and that his failure to make payments as ordered constituted a willful violation of the terms and conditions of his probation. The prison sentence was thereupon ordered into effect. Subsequently, this hearing was set aside on the grounds that defendant was not represented by counsel at the time and had not waived his right thereto. (See G.S. 7A-451(a) (4), effective 1 July 1969). A new hearing was ordered and the matter was transferred to Halifax County for that purpose.

The new hearing was held before Judge Cohoon on 27 April 1970 at which time defendant was represented by court appointed counsel. After hearing evidence presented by the State and the defendant, Judge Cohoon entered an order concluding that defendant had failed to comply with the terms of his probation by failing to make the periodic payments into the

office of the clerk of court as theretofore ordered, and that such failure was without lawful excuse. The sentence was thereupon ordered into effect with credit allowed for that portion already served. Defendant appealed.

*Attorney General Morgan by Staff Attorney Sauls for the State.*

*Bruce C. Johnson for defendant appellant.*

GRAHAM, Judge.

[1] Defendant's first assignment of error encompasses numerous exceptions taken to questions propounded by the court to witnesses during the hearing. In support of this contention, he has cited numerous cases holding that a judge may not express an opinion on the evidence through the propounding of questions to witnesses. However, all of the cases relied upon by defendant involve comments made by the court in the presence of a jury and in violation of the provisions of G.S. 1-180. The provisions of G.S. 1-180 prohibiting a court from giving an opinion on the evidence in the presence of the jury are obviously not applicable in a hearing where no jury is present. The question of whether a condition of probation has been violated is always for the court and not for a jury. G.S. 15-200; *State v. Hewett*, 270 N.C. 348, 154 S.E. 2d 476; *State v. Coffey*, 255 N.C. 293, 121 S.E. 2d 736; *State v. Robinson*, 248 N.C. 282, 103 S.E. 2d 376.

In *State v. Hewett, supra*, at p. 353, we find the following:

"A proceeding to revoke probation is not a criminal prosecution, and we have no statute in this State requiring a formal trial in such a proceeding. Proceedings to revoke probation are often regarded as informal or summary. The courts of this State recognize the principle that a defendant on probation or a defendant under a suspended sentence, before any sentence of imprisonment is put into effect and activated, shall be given notice in writing of the hearing in apt time and an opportunity to be heard. *S. v. Duncan*, 270 N.C. 241, 154 S.E. 2d 53, and cases cited. Upon a hearing of this character, the court is not bound by strict rules of evidence, and the alleged violation of a valid condition of probation need not be proven beyond a reasonable doubt. *S. v. Robinson, supra; S. v. Morton*, 252 N.C. 482, 114 S.E. 2d 115; *S. v. Brown*, 253 N.C. 195, 116 S.E.

2d 349; Supplement to 1 Strong's N.C. Index, Criminal Law, § 136."

**[2]**  The questions asked by the court constitute, in our opinion, a legitimate inquiry into the facts alleged in the report of the probation officer. Defendant's assignment of error with respect thereto is overruled.

**[3]**  Defendant next attacks various findings made by the court and contends that the evidence failed to show and the court failed to find that defendant's breach of his probationary condition was willful. The court found and concluded that the breach of the probationary condition by defendant was without lawful excuse. This is sufficient to support the activation of the suspended sentence. "All that is required in a hearing of this character is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has willfully violated a valid condition of probation *or that the defendant has violated without lawful excuse a valid condition upon which the sentence was suspended.*" (Emphasis added). *State v. Hewett, supra.*

**[4]**  Evidence that defendant failed to make the payments ordered as a condition of his probation was not controverted. However, defendant sought to excuse this breach on the grounds that he had been unable to work regularly due to an injury and inability to find work; that he had paid some of his personal hospital bills; that he had voluntarily paid support money to the mother of his five-year-old illegitimate child; and that he had paid expenses in connection with a second illegitimate child born almost eleven months after the probation judgment was entered. The court, in its findings, gave defendant the benefit of all of the voluntary expenditures which he testified that he had made. However, the court also found that defendant had earnings available over and above these expenses which he could have paid into the clerk's office as ordered. The evidence supports these findings which in turn support the conclusion that the violation was without lawful excuse.

**[5, 6]**  Moreover, it was not encumbent upon the trial court to regard as a "lawful excuse" for failure to comply, defendant's voluntary payments of other expenses in lieu of those which he was under court order to pay. Whether, under the circumstances, defendant was justified in paying his own hospital bill while ignoring the payments ordered by the court, which included a

hospital bill presumably incurred by the victim of defendant's assault, was a matter for the trial court to decide in its discretion. The same is true with respect to defendant's other payments, particularly those arising out of the birth of an illegitimate child obviously conceived after the probationary judgment was entered.

We have carefully reviewed all of defendant's exceptions and assignments of error and conclude that no prejudicial error has been made to appear.

No error.

Chief Judge MALLARD and Judge PARKER concur.