STATE OF NORTH CAROLINA v. LEO THADDEUS FOUST

No. 7115SC747

(Filed 12 January 1972)

1. **Constitutional Law § 32; Criminal Law § 145.1— probation — condition that defendant reimburse State for court-appointed counsel**

   A condition of probation requiring the defendant to reimburse the State for cost of court-appointed counsel does not infringe defendant's constitutional right to counsel.

2. **Criminal Law § 145.1— purpose of probation**

   The primary purpose of probation is to further reform the defendant.

3. **Criminal Law § 145.1— probation — rehabilitation of defendant — payment of court-appointed counsel**

   One effective way to awaken a probationer's sense of social responsibility and aid in his rehabilitation is to require him to repay costs, including fees for court-appointed counsel, which society has incurred as a result of his misconduct.

4. **Criminal Law § 145.1— condition of probation — statutory list of conditions**

   The fact that a condition of probation is not among those specifically listed as permissible under G.S. 15-199 does not prevent the court from imposing it.

5. **Criminal Law § 145.1— remand of revocation hearing — failure to make findings of fact**

   Revocation of probation hearing is remanded for failure of the trial court to make sufficient findings of fact as to whether defendant's failure to comply with the conditions of probation was wilful or without lawful excuse.

APPEAL by defendant from *Hobgood, Judge,* 16 August 1971 Session of Superior Court held in ALAMANCE County.

This appeal is from an order revoking defendant's probation and activating his suspended sentence.

In May of 1970 defendant, a 17-year-old male, entered pleas of guilty to three charges of nonfelonious breaking and entering and three charges of nonfelonious larceny. The cases were consolidated for judgment and judgment was entered imposing a jail sentence of two years. Sentence was suspended and defendant was placed on probation for five years. Conditions of his probation included a requirement that he pay $10 a week into the office of the clerk of court until the sum of

$174 for court costs and $50 for restitution for the property stolen had been paid.

In January of 1971 defendant was brought before Judge Bickett upon allegations that he had failed to make payments as required and was in arrears in the amount of $189. On 18 January 1971, Judge Bickett entered an order continuing defendant on probation, ordering that he pay the arrearage by 22 January 1971, and, as an additional condition of probation, ordering that defendant reimburse the State for fees paid his court-appointed counsel by paying into the office of the Clerk of Superior Court $100 on or before 18 March 1971 and an additional $100 on or before 1 May 1971.

In July of 1971 defendant's probation officer reported that defendant was behind in payments due under the January order in the amount of $254. A hearing was held before Judge Hobgood, and in an order dated 13 August 1971, Judge Hobgood found that defendant had wilfully violated the conditions of the order of 18 January 1971 by failing to make payments as ordered. Based upon this finding, defendant's probation was revoked and his suspended sentence activated.

Defendant was represented by privately retained counsel at his trial; however, before both hearings on the question of his failure to comply with conditions of probation, defendant was adjudged an indigent and counsel was appointed to represent him. He appeals to this Court as a pauper.

*Attorney General Morgan by Associate Attorney Speas for the State.*

*Long, Ridge & Long by Paul H. Ridge for defendant appellant.*

GRAHAM, Judge.

[1] Defendant contends the condition of probation requiring him to reimburse the State for cost of court appointed counsel infringes his constitutional right to counsel. "A condition which is a violation of the defendant's constitutional right, and, therefore, beyond the power of the court to impose, is *per se* unreasonable and subject to attack by the defendant upon the State's subsequent motion to put the sentence into effect for violation of that condition." *State v. Caudle,* 276 N.C. 550, 173 S.E. 2d 778.

In support of this contention defendant cites *In re Allen,* 71 Adv. Cal. 409, 455 P. 2d 143, 78 Cal. Rptr. 207. There, the California Supreme Court unanimously held a similar requirement invalid on grounds it constituted "an impediment to the free exercise of a right guaranteed by the Sixth Amendment to the Constitution. . . . " The court reasoned that indigent defendants would likely be discouraged from exercising their Sixth Amendment right to counsel if faced with the possibility of having to pay the costs in the event of probation. Assuming that such a likelihood does exist (an assumption we incidentally find difficult to make), we nevertheless fail to view it as an unconstitutional impediment.

A defendant may be held accountable for breaching the conditions of his probation only if the court finds facts showing that the breach is willful, *State v. Hewett,* 270 N.C. 348, 154 S.E. 2d 476; *State v. Morton,* 252 N.C. 482, 114 S.E. 2d 115, or that it is without lawful excuse. *State v. Robinson,* 248, N.C. 282, 103 S.E. 2d 376; *State v. Caudle,* 7 N.C. App. 276, 172 S.E. 2d 231 *(rev'd on other grounds,* 276 N.C. 550, 173 S.E. 2d 778) ; *State v. Butcher,* 10 N.C. App. 93, 177 S.E. 2d 924. A probationer's inability to pay is a lawful excuse for his failure to comply with a probationary condition to reimburse the State for counsel fees unless, of course, the inability results from a lack of reasonable effort by defendant to obtain and have available the necessary funds. Consequently, the question an indigent faces is not whether he should refuse counsel rather than risk being jailed if he remains financially unable to pay, but simply whether he is willing to incur the financial obligation of counsel in the event of a probationary sentence. Nonindigent defendants must make similar choices. That nonindigents may be discouraged from engaging counsel by the fact they are required to pay does not mean that the State must provide them free counsel, or that a reluctance on their part to incur cost of counsel unconstitutionally impedes their right under the Sixth Amendment. We know of no reason, and none has been suggested to us, why indigents should be placed in a preferred position by being relieved of choices that naturally arise to all defendants.

The decision in *Allen* appears to have been greatly influenced by the U. S. Supreme Court decisions in *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1963), and

*Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed. 2d 694 (1966).

In *Gideon* it was noted that in an adversary system of criminal justice, an accused who is too poor to hire a lawyer cannot be assured a fair trial unless counsel is provided for him. The Supreme Court stated: "From the very beginning, our state and national constitutions and laws have laid great emphasis on procedural and substantive safeguards designed to assure fair trials before impartial tribunals *in which every defendant stands equal before the law.* This noble idea cannot be realized if the poor man charged with crime has to face his accusers without a lawyer to assist him." (Emphasis added.) 372 U.S. at 344.

In *Miranda* the Supreme Court stated: "If an individual indicates that he wishes the assistance of counsel before any interrogation occurs, the authorities cannot rationally ignore or deny his request on the basis that the individual does not have or cannot afford a retained attorney. *The financial ability of the individual has no relationship to the scope of the rights involved here.*" (Emphasis added.) 384 U.S. at 472.

We are not persuaded that a probationary requirement providing that an indigent defendant reimburse the State for the cost of his attorney does violence to the principles set forth in *Gideon* and *Miranda.* In discussing this question in 58 Calif. L.Rev. 255, the author points out that the emphasis in these cases was on assuring that indigents will not be discriminated against in criminal trials because of their status. He states: "Thus, the United States Supreme Court was concerned in these cases with making indigents equal with other members of society before the bar of justice and not with putting them in a preferred position. The latter result would, of course, be the logical consequence of providing indigents with representation free of charge while denying the same advantage to nonindigents, particularly those with moderate to low incomes."

[2, 3]   Not only do we find the requirement in question free from constitutional objection, we think the practice of imposing this type of requirement as a condition of probation may serve a useful purpose in rehabilitating probationers. The primary purpose of probation is to further reform the defendant. *State v. Smith,* 233 N.C. 68, 62 S.E. 2d 495. There is no such thing as a free defense. Either a defendant pays the cost or society

pays it for him. Certainly one effective way to awaken a probationer's sense of social responsibility and aid in his rehabilitation is to require him to repay costs which society has incurred as a result of his misconduct. For a general discussion of policy considerations in this area see Comment, *Reimbursement of Defense Costs as a Condition of Probation for Indigents,* 67 Mich. L.Rev. 1404 (1969); and Kamisar & Choper, *The Right to Counsel in Minnesota: Some Field Findings and Legal-Policy Observations,* 48 Minn. L.Rev. 1, 25 (1963).

Dicta in the case of *Rinaldi v. Yeager,* 384 U.S. 305, 86 S.Ct. 1497, 16 L.Ed. 2d 577 (1966), suggests that the Supreme Court of the United States does not view as objectionable a requirement that indigent defendants make reimbursement for their defense costs as a condition of probation. The Court held unconstitutional a New Jersey statute which required the prison wages of unsuccessful indigents to be withheld in order to pay the cost of furnishing them trial transcripts for use on appeal. Since no similar obligation was imposed on indigents who were convicted but not imprisoned, the court held the statute in violation of the equal protection clause of the Federal Constitution. However, the court stated: "We may assume that a legislature could validly provide for replenishing a county treasury from the pockets of those who have directly benefited from county expenditures." 384 U.S. at 309. The State argued that the classification was justified because of administrative difficulties involved in collecting from those convicted but not imprisoned. The court responded to this argument by stating: "Any supposed administrative inconvenience would be minimal, since repayment could easily be made a condition of probation or parole. . . ." 384 U.S. at 310.

Defendant further contends that, aside from Federal constitutional consideration, it is unreasonable to require him to pay court costs and cost of counsel as a condition of probation.

[4]  G.S. 15-199 grants the court broad authority to impose conditions of probation. The fact the conditions involved here are not among those specifically listed as permissible under the statute is not determinative because the statute provides: "The court shall determine and may impose, by order duly entered, and may at any time modify the conditions of probation and may include among them the following, *or any other.* . . ." (Emphasis added.)

State v. Foust

The costs which defendant finds objectionable were necessitated by his misconduct. In our opinion they are directly related to his criminal acts and it is therefore not unreasonable to require defendant to make reimbursement. *Cf. State v. Caudle,* 276 N.C. 550, 173 S.E. 2d 778.

[5] Although we find the conditions defendant is charged with violating to be valid, the case must nevertheless be remanded because in revoking defendant's probation the trial judge did not make findings of fact sufficient to support a conclusion that defendant's failure to comply was willful or without lawful excuse. The extent of His Honor's findings is that defendant was ordered to pay certain sums of money and "[t]he Court finds as a fact that this has not been paid."

The record shows that defendant was indigent at the time of both probationary hearings. Has he had the financial ability to comply with the judgment at any time since he became obligated to pay? If not, has his continued inability to pay resulted from a lack of reasonable effort on his part or from conditions over which he had no control? These are essential questions which must be answered by appropriate findings of fact before the court can determine whether defendant's failure to comply was willful or without lawful excuse.

The judgment activating the sentence is vacated and the proceeding is remanded for further hearing in order that the judge may determine, by appropriate findings of fact, whether the failure of defendant to make the required payments was willful or without lawful excuse. The judge's findings of fact should be definite and not mere conclusions. *State v. Robinson, supra; State v. Caudle,* 7 N.C. App. 276, 172 S.E. 2d 231 *(rev'd on other grounds,* 276 N.C. 550, 173 S.E. 2d 778).

Remanded.

Chief Judge MALLARD and Judge HEDRICK concur.