STATE OF NORTH CAROLINA v. JOE BERRY NEAL

No. 7227SC236

(Filed 26 April 1972)

Criminal Law § 145.1— revocation of probation — insufficiency of findings

Revocation of defendant's probation is vacated and the proceeding is remanded for failure of the trial court to make sufficient findings of fact as to whether defendant's failure to make support payments required by the probation judgment was willful or without lawful excuse.

Judge BROCK concurs in the result.

APPEAL by defendant from *Thornburg, Judge,* 25 October 1971 Regular Criminal Session of Superior Court held in GASTON County.

This appeal is from an order revoking defendant's probation and activating his suspended sentence. In January 1971, defendant entered a plea of guilty to the crime of nonsupport. The judgment imposing a prison sentence of six months was suspended, and the defendant was placed on probation for a period of five years, subject to the rules and regulations of the Probation Commission and the conditions of probation as set out in the probation judgment. One of the conditions of probation was as follows:

"That the defendant pay into the office of the Clerk of Court the sum of $80.00 every other Friday, first payment to be made on or before Friday, February 12, 1971 and a like payment every other Friday thereafter until further ordered by the court."

On 27 October 1971, after a hearing, Judge Thornburg made findings and concluded that the defendant had willfully and without lawful excuse violated the terms of a valid condition of probation in "[t]hat as of September 28, 1971 the said probationer is $320.00 in the arrears in his support payments, having made his last payment of $40.00 on September 13, 1971, and having paid a total of $1,000.00 to this date . . . that furthermore he did fail to pay into the office of the Clerk of Gaston County Superior Court every other Friday the sum of $80.00 from July 29, 1971 until September 28, 1971."

From an order revoking defendant's probation and activating the suspended sentence, the defendant appealed.

*Attorney General Robert Morgan and Associate Attorney Edwin M. Speas, Jr., for the State.*

*Basil L. Whitener and Anne M. Lamm for defendant appellant.*

HEDRICK, Judge.

In this case, as in *State v. Foust,* 13 N.C. App. 382, 185 S.E. 2d 718 (1972), and *State v. Huntley,* 14 N.C. App. 236, 188 S.E. 2d 30 (1972) (filed at the same time as this opinion), the trial court's findings of fact are not sufficient to support his conclusion that the defendant's failure to make the payments set out in the probation judgment was willful or without lawful excuse.

The judgment activating the suspended sentence is vacated and the proceeding is remanded for further hearing in order that the judge may determine, by appropriate findings of fact, whether the failure of defendant to make the required payments was willful or without lawful excuse. The judge's findings of fact should be definite and not mere conclusions. *State v. Foust, supra; State v. Caudle*, 7 N.C. App. 276, 172 S.E. 2d 231 (rev'd on other grounds, 276 N.C. 550, 173 S.E. 2d 778) ; *State v. Robinson*, 248 N.C. 282, 103 S.E. 2d 376 (1958).

Vacated and remanded.

Judge VAUGHN concurs.

Judge BROCK concurs in the result.

Judge BROCK concurring in the result.

I think it will be helpful and instructive to set out in whole the findings and judgment of the trial judge.

"THIS CAUSE coming on to be heard, and being heard, at the October 27, 1971 session of the Gaston County Superior Court before the Honorable Lacy H. Thornburg, Judge Presiding, the defendant being in Court in person and being represented by Counsel, WHEREUPON the Court finds the following facts:

1. That at the January 28, 1971 session of the Gaston County 27th District Court the defendant entered a plea of guilty to the crime of Non-Support and was sentenced by the Honorable Robert Kirby, Judge Presiding, to the Gaston County Jail to be assigned to work under the supervision of the State Department of Correction of North Carolina for a period of six (6) months, which sentence was suspended and the defendant placed on probation for a period of five (5) years under the supervision of the North Carolina Probation Commission and its officers, subject to the rules and orders of said Commission and the Conditions of Probation as set out in the probation judgment.

2. That the defendant has wilfully and without lawful excuse violated the terms and conditions of the probation judgment as hereinafter set out:

That as of September 28, 1971 the said probationer is $320.00 in the arrears in his support payments, having made his last payment of $40.00 on September 13, 1971, and having paid a total of $1,000.00 to this date; that the aforesaid constitutes a violation of that special condition of probation that 'The defendant pay into the office of the clerk the sum of $80.00 every other Friday, first payment to be made on or before Friday, February 12, 1971, and a like payment every other Friday thereafter until further ordered by the Court'; that furthermore he did fail to pay into the office of the Clerk of Gaston County Superior Court every other Friday the sum of $80.00 from July 29, 1971 until September 28, 1971.

IT IS THEREFORE ORDERED, in the discretion of the Court, that the probation be, and the same is hereby, revoked and the sentence to the Gaston County Jail to be assigned to work under the supervision of the State Department of Correction of North Carolina for a period of six (6) months, heretofore suspended, is hereby ordered into immediate effect and commitment shall be issued by the clerk of the court."

As can be seen the trial judge has traced the history of the case in Paragraph I, and in Paragraph II has merely concluded that the defendant has willfully and without lawful excuse failed to comply with the original judgment. He states in Paragraph II that the defendant has violated the terms "as hereinafter set out." He then merely recites findings with respect to payments made and the payments that he failed to make. Thereafter, the judgment activates the original six month sentence.

These findings and the judgment, as entered by the trial judge, failed to disclose any findings of fact concerning the defendant's earnings and ability to pay or any findings of fact that his inability to pay resulted from lack of effort. As cogently stated by Judge Graham in *State v. Foust*, 13 N.C. App. 382, 387, 185 S.E. 2d 718, 722:

"Has he had the financial ability to comply with the judgment at any time since he became obligated to pay? If not, has his continued inability to pay resulted from a lack of reasonable effort on his part or from conditions over which he had no control? These are essential questions

which must be answered by appropriate findings of fact before the court can determine whether defendant's failure to comply was willful or without lawful excuse."

For the above reasons, I concur that the order appealed from should be vacated and the cause remanded for a new hearing upon the question of whether defendant has willfully or without lawful excuse failed to comply with the provisions of the probationary judgment.