STATE OF NORTH CAROLINA v. DONALD EDWARD YOUNG

No. 749SC209

(Filed 17 April 1974)

1. Criminal Law § 145.1— revocation of probation — findings required

   The principle stated in *State v. Foust*, 13 N.C. App. 382, that, before a suspended sentence or probation judgment can be revoked and the active sentence imposed, there must be a finding of fact from competent evidence that defendant had the financial capability to comply, or had failed to make a reasonable effort to make payments required by the terms of suspension or probation, was an inadvertent application in a criminal case of the rule in civil cases applicable to hearing on notice to show cause why a party should not be held in contempt of court for failure to make specified payments ordered by the court, and that principle is disapproved.

2. Criminal Law § 145.1— probation revocation — burden of showing inability to make payments

   If, upon a proceeding to revoke probation or a suspended sentence, a defendant wishes to rely upon his inability to make payments as required by its terms, he should offer evidence of his inability to pay for consideration by the judge; otherwise, evidence establishing that defendant has failed to make payments as required by the judgment may justify a finding by the judge that defendant's failure to comply was wilful or without lawful excuse.

3. Criminal Law § 145.1— probation revocation hearing — consideration of defendant's evidence

   Order revoking defendant's probation is vacated and the cause is remanded for a new hearing where the defendant offered evidence

which tended to show that he was unavoidably without the means to make payments as required by his probationary judgment, but the record does not show that the trial judge considered and evaluated the evidence.

APPEAL by defendant from *McLelland, Judge,* 24 September 1973 Session of Superior Court held in VANCE County. Argued in the Court of Appeals 14 February 1974.

The defendant pleaded guilty at the 2 March 1972 Session of Vance County Superior Court to the felony of embezzlement. He was sentenced to seven years in the State's prison by the presiding judge. This sentence was suspended, and the defendant was placed on probation for a period of five years under the supervision of the N. C. Probation Commission and its officers subject to certain rules and conditions set forth. The defendant was ordered to make restitution in the amount of $5,912.42 plus court cost of $75.00. He was directed by the probation officer to pay not less than $110.00 each month with the first payment to begin 1 April 1972. He was further ordered to report to the probation officer at certain times.

A bill of particulars and a report of the probation officer were served on the defendant on 27 September 1973. The bill of particulars alleged that the defendant had not made the payments as ordered and that the defendant had failed to appear before the probation officer in Massachusetts where his probation had been transferred. A hearing was conducted at which the probation officer and the defendant offered testimony. The probation officer testified that the defendant had made some payments but then stopped. He further testified that by paying $110.00 per month beginning 1 April 1972, the defendant would amortize the full amount of the indebtedness within four years and six months, leaving him approximately six months during the five years in which he was on probation that he could miss a payment and still repay the full amount within the five year period. The payments were made through July 1972, at which time they stopped. A probation violation order and capias to the State of Massachusetts were mailed on 9 April 1973. The defendant commenced making partial payments in June 1973, and continued up until the time of the hearing.

The defendant testified that he broke his ankle in the latter part of 1972 and had been unable to work regularly since that time. He testified that he had been hospitalized on several occa-

sions following that, spending a total of approximately three months in the hospital from the end of 1972 until the hearing in 1973. He further testified that he was under almost constant medication and medical supervision and was unable to work regularly during that period of time. The payments that he was able to make were as a result of some part-time work he was able to perform.

*Attorney General Morgan, by Associate Attorney Raney, for the State.*

*Perry, Kittrell, Blackburn and Blackburn, by Bennett H. Perry, Jr., for the defendant.*

BROCK, Chief Judge.

Defendant excepts to the entry of the order of the trial court revoking the probation and ordering the sentence into effect. The defendant argues that the court did not make specific findings of fact and make conclusions of law based thereon. The court merely concluded that the defendant had willfully violated the terms and conditions of probation in failing to report and refusing to make regular payments. Defendant contends that more detailed findings of fact should have been made to allow appellate review of the trial court's order.

[1]    The defendant relies upon the cases of *State v. Huntley,* 14 N.C. App. 236, 188 S.E. 2d 30 (1972) ; *State v. Neal,* 14 N.C. App. 238, 188 S.E. 2d 47 (1972) ; and *State v. Foust,* 13 N.C. App. 382, 185, S.E. 2d 718 (1971). *Foust* holds that, before a court can determine whether a defendant's failure to comply with the terms of a suspended sentence or probationary judgment, requiring the payment of money, was willful or without lawful excuse, two essential questions must be answered by the appropriate findings of fact. These questions are stated in *Foust* as follows: "Has he had the financial ability to comply with the judgment at any time since he became obligated to pay? If not, has his continued inability to pay resulted from a lack of reasonable effort on his part or from conditions over which he had no control?" *Huntley* and *Neal* relied upon the wording of *Foust* without full reconsideration of the principle there announced.

We have reviewed the following cases which seem to have been relied upon in Foust: *State v. Hewett,* 270 N.C. 348, 154 S.E. 2d 476; *State v. Morton,* 252 N.C. 482, 114 S.E. 2d 115; *State v. Robinson,* 248 N.C. 282, 103 S.E. 2d 376; *State v.*

*Butcher,* 10 N.C. App. 93, 177 S.E. 2d 924; and *State v. Caudle,* 7 N.C. App. 276, 172 S.E. 2d 231 *(rev'd on other grounds,* 276 N.C. 550, 173 S.E. 2d 778). We will not engage in a discussion of the principles applied in each of the cited cases. Suffice it to say, in our opinion, none of the cited cases directly supports the principle here under review, and the opinion in *Foust* does not specifically cite them as supporting that principle. It appears, therefore, that the principle stated in *Foust* that, before a suspended sentence or probation judgment can be revoked and the active sentence imposed, there must be a finding of fact, from competent evidence, that defendant had the financial capability to comply, or had failed to make a reasonable effort to make payments required by the terms of suspension or probation, was an inadvertent application in a *criminal* case of the rule in *civil* cases applicable to hearing on notice to show cause why a party should not be held in contempt of court for failure to make specified payments ordered by the Court. As we view it, there are sound reasons for a difference in the rules in civil cases and those in criminal cases. These reasons will be hereinafter discussed.

Obviously, if the court must answer questions such as required in *Foust* by findings of fact, there must be competent evidence to support the findings. If there must be such competent evidence, the defendant could cast the burden of producing such evidence upon the State by merely offering no evidence himself. He could not be compelled to testify.

The primary reason for a difference in the rule applicable to criminal cases is the fact that an order suspending a sentence or the entry of a probationary judgment is an act of grace. Defendant is not required to accept a suspended sentence or probationary judgment; but, if he does, he voluntarily assumes the obligations imposed.

On the other hand, an order entered in a civil action requiring one party to make specified payments to or for the benefit of another party is not an act of grace and the obligation is not voluntarily accepted. It is the enforcement of rights of one party against another. Therefore, before the obligated party should be adjudged in contempt of court for failure to make payments as required by the court's order, the movant should be required to make a showing by evidence that the obligated party possessed the means to comply during the period when he was in default, and the court must find as a fact that the obligated party

possessed the means to comply during the period when he was in default. See, *Cox v. Cox,* 10 N.C. App. 476, 179 S.E. 2d 194. In such case, the movant can discover the evidence by interrogatories, adverse examination, orders for production of documents, and other means.

"When a person accused of crime has been tried, defended, sentenced, and, if he desires, has exhausted his rights of appeal, the period of contentious litigation is over. Although revocation of probation results in the deprivation of a probationer's liberty, the sentence he may be required to serve is the punishment for the crime of which he had previously been found guilty. The inquiry of the court at such a hearing is not directed to the probationer's guilt or innocence, but to the truth of the accusation of a violation of probation. The crucial question is: Has the probationer abused the privilege of grace extended to him by the court? When a sentence of imprisonment in a criminal case is suspended upon certain valid conditions expressed in a probation judgment, defendant has a right to rely upon such conditions; and as long as he complies therewith, the suspension must stand. In such a case, defendant carries the keys to his freedom in his willingness to comply with the court's sentence.

"A proceeding to revoke probation is not a criminal prosecution, and we have no statute in this State requiring a formal trial in such a proceeding. Proceedings to revoke probation are often regarded as informal or summary. The courts of this State recognize the principle that a defendant on probation or a defendant under a suspended sentence, before any sentence of imprisonment is put into effect and activated, shall be given notice in writing of the hearing in apt time and an opportunity to be heard. (Citation omitted.) Upon a hearing of this character, the court is not bound by strict rules of evidence, and the alleged violation of a valid condition of probation need not be proven beyond a reasonable doubt. (Citations omitted.)" *State v. Hewett,* 270 N.C. 348, 154 S.E. 2d 476.

[2] If, upon a proceeding to revoke probation or a suspended sentence, a defendant wishes to rely upon his inability to make payments as required by its terms, he should offer evidence of his inability for consideration by the judge. Otherwise, evidence establishing that defendant has failed to make payments as required by the judgment may justify a finding by the judge that defendant's failure to comply was willful or was without lawful

excuse. We disapprove the principle announced in *Foust, supra,* and followed in *Huntley* and *Neal, supra.*

[3] In the case presently under review, the defendant offered evidence which tended to show that he was unavoidably without the means to make payments as required by his probationary judgment. The trial judge, as the finder of the facts, is not required to accept defendant's evidence as true. However, in this case, it is not clear whether the trial judge proceeded under an erroneous assumption that the fact of failure to comply required revocation of probation, or whether he considered defendant's evidence and found that defendant had offered no evidence worthy of belief to justify a finding of a legal excuse for failure to comply with the judgment. Obviously, defendant is entitled to have his evidence considered and evaluated. Because it appears that this was not done, the order revoking probation is vacated and the cause is remanded for a new hearing upon the Report of the Probation Officer and the Bill of Particulars.

New hearing.

Judges MORRIS and CARSON concur.