STATE OF NORTH CAROLINA v. WILLIE L. SMITH

No. 7912SC506

(Filed 20 November 1979)

Criminal Law § 145.1— probation revocation hearing—failure to make payments— ability to pay

Order revoking defendant's probation for failure to pay a fine, court costs and restitution at a rate of $50.00 per month is reversed, and the cause is remanded for a new hearing, where defendant offered evidence of his inability to make the required payments, but the record does not show that the trial judge considered and evaluated such evidence.

APPEAL by defendant from *Brewer, Judge.* Judgment entered 22 February 1979 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 19 October 1979.

On 26 August 1976 defendant was given a two year sentence and placed on probation for three years in the Superior Court of Cumberland County for the offense of filing a false insurance claim. When the defendant was placed on probation and accepted for supervision, he was ordered by the court to pay a fine of $150, cost of court of $148, and restitution in the amount of $831 for the use and benefit of Virginia Mutual Insurance Company. Restitution was to be paid into the office of the clerk of Superior Court, in payments at the rate of no less than $50 each and every month until all such amounts were paid in full, with the first payment to be due on or before 30 September 1976. On the date of his trial, defendant was transferred to his home state of Ohio for probationary supervision. On 6 November 1978 a violation report was presented in the Superior Court of Cumberland County, at which time an order for arrest was issued to have defendant picked up when located in Ohio, served with the warrant and returned to North Carolina for a violation hearing. Defendant was returned to North Carolina on 3 February 1979.

At the violation hearing, the State presented evidence showing that the defendant had made none of the payments required in the order of suspension. At the violation hearing, defendant presented lengthy testimony. In his testimony, defendant indicated that at the time of his trial he had been employed by the City of Cleveland, Ohio, and that after being placed on probation, he had been laid off. He further testified that such layoff continued until June 1977 and that he received no unemployment benefits during that time. He testified that during that period he had worked at various odd jobs in order to pay his rent and support his wife and three children. He further testified that from June 1977 until December 1977 he worked for the City of Cleveland at the rate of $4.90 an hour and took home from $280 to $290 every two weeks. After being laid off in December 1977 defendant was again unemployed until June 1978. During this period, in January 1978, the rented house in which he and his family resided caught fire, and the fire destroyed most of the family's furniture and clothing. Defendant and his family then resided with relatives until he was able to go back to work in June 1978.

In July 1978, defendant bought a house, which did not require a down payment, but which did require monthly payments

of $150. He further testified that his gas bill varied from $59 to $75 a month, his electric bill from $20 to $25 a month, and that in addition, he had the sole responsibility for buying food and clothing for his family and furnishings for their home. In August 1978, defendant requested his employer to deduct $50 from his paycheck every two weeks to be sent to the clerk of court in Cumberland County. A problem arose when the computer operators had this deduction listed as a tax deduction, but defendant was assured by his foreman that the problem would be corrected. He informed his probation officer of this and stated further that if the amount allotted was not enough to cover the amount be owed, he would pay the balance with money to be received from his income tax refund for 1978. At the time of the violation hearing, defendant tendered the amount of $360 against his obligations and stated to the court that he would pay the balance due before 29 March 1979.

Following the hearing the court entered an order revoking defendant's probation. The court's order made findings with respect to the defendant's conviction and sentencing, and then with respect to his violation, made the following entry.

2. That the defendant has wilfully and without lawful excuse violated the terms and conditions of the probation judgment as hereinafter set out:

(a) That when the defendant was placed on probation and accepted for supervision he was ordered by the court "to pay a fine of $150.00, cost of court of $148.00, and restitution in the amount of $831.00 for the use and benefit of Virginia Mutual Insurance Company into the office of the clerk of Superior Court. These monies totaling $1,139.00 are to be paid into the office of the clerk of Superior Court. These monies totaling $1,139.00 are to be paid at the rate of no less than $50.00 each and every month until paid in full, the first payment due on or before September 30, 1976 and that as of November 6, 1978 none of the above named monies has been received in the office of the clerk of Superior Court which is in violation of that condition of probation as stated above.

From the order of the trial court revoking his probation, defendant has appealed.

---

---

*Attorney General Edmisten, by Assistant Attorney General Marilyn R. Rich, for the State.*

*John Britt, Assistant Public Defender, for the defendant appellant.*

WELLS, Judge.

Defendant was represented at the probation and revocation hearing by the office of the Public Defender for the Twelfth Judicial District. Counsel for defendant has not brought forth any assignments of error. The brief for the defendant contains the following statement:

> After reviewing the record on appeal and the applicable law, attorney for the appellant has been unable to determine that during the course of the probation revocation hearing prejudicial error was committed which would entitle the appellant to reversal or to a new hearing. However, attorney for the appellant requests the Court to review the record on appeal and in its wisdom determine if any prejudicial or reversible error was committed during the hearing.

We have reviewed the record on appeal and have determined that pursuant to the provisions of Rule 10(a) of the North Carolina Rules of Appellate Procedure, it is appropriate for us to review the question as to whether the judgment of the trial court is supported by appropriate findings of fact and conclusions of law.

The issue we review in this case is whether the trial judge made proper findings with respect to whether the defendant has violated, without lawful excuse, a valid condition upon which his sentence was suspended.

The "lawful excuse" rule has its genesis in *State v. Robinson,* 248 N.C. 282, 103 S.E. 2d 376 (1958). In *Robinson,* Justice Parker carefully reviewed the existing law as it related to the requirements for activating a suspended sentence. The heart of the decision is found in the following two paragraphs:

> After a diligent search we have found no case, and counsel in the case have referred us to none, which holds that a court cannot revoke a suspension of sentence in a criminal case, and enforce the sentence for a breach of the condition

on the part of the defendant unless such breach is wilful. Based upon the reasoning and language of the cases we have cited above, it is our opinion that all that is required to revoke a suspension of a sentence in a criminal case, and to put the sentence into effect is that the evidence shall satisfy the judge in the exercise of his sound discretion that the defendant has violated, without lawful excuse, a valid condition upon which the sentence was suspended and that the judge's findings of fact in the exercise of his sound discretion are to that effect.

\* \* \*

The mere finding of fact by the judge "that the defendant has violated the terms of this suspended sentence, and has not made the weekly payments as provided, and on July 23, 1957 was in arrears in the sum of $379.00 under the terms of said judgment" is insufficient to support the judgment putting the six months jail sentence into effect.

248 N.C. at 287, 103 S.E. 2d at 380.

Following *Robinson*, and obviously guided by it, this Court held in *State v. Foust*, 13 N.C. App. 382, 185 S.E. 2d 718 (1972), that, before a court can determine whether a defendant's failure to comply with the terms of a suspended sentence or probationary judgment requiring the payment of money was wilful or without lawful excuse, two essential questions about the defendant must be answered with appropriate findings of fact. These questions are stated in *Foust* as follows: "Has he had the financial ability to comply with the judgment at any time since he became obligated to pay? If not, has his continued inability to pay resulted from a lack of reasonable effort on his part or from conditions over which he had no control?" 13 N.C. App. at 387, 185 S.E. 2d at 722.

*Foust* was followed in *State v. Huntley*, 14 N.C. App. 236, 188 S.E. 2d 30 (1972) and in *State v. Neal*, 14 N.C. App. 238, 188 S.E. 2d 47 (1972). Then, in *State v. Young*, 21 N.C. App. 316, 204 S.E. 2d 185 (1974), this Court reconsidered the question. In *Young*, the Court distinguished *Foust, Huntley* and *Neal* by placing the burden on the defendant to go forward with the evidence as to whether his failure to meet the conditions of sentence suspension

was without lawful excuse. The following two paragraphs reveal the Court's reasoning in *Young*:

> If, upon a proceeding to revoke probation or a suspended sentence, a defendant wishes to rely upon his inability to make payments as required by its terms, he should offer evidence of his inability for consideration by the judge. Otherwise, evidence establishing that defendant has failed to make payments as required by the judgment may justify a finding by the judge that defendant's failure to comply was willful or was without lawful excuse. We disapprove the principle announced in *Foust, supra,* and followed in *Huntley* and *Neal, supra.*
>
> In the case presently under review, the defendant offered evidence which tended to show that he was unavoidably without the means to make payments as required by his probationary judgment. The trial judge, as the finder of the facts, is not required to accept defendant's evidence as true. However, in this case, it is not clear whether the trial judge proceeded under an erroneous assumption that the fact of failure to comply required revocation of probation, or whether he considered defendant's evidence and found that defendant had offered no evidence worthy of belief to justify a finding of a legal excuse for failure to comply with the judgment. Obviously, defendant is entitled to have his evidence considered and evaluated. Because it appears that this was not done, the order revoking probation is vacated and the cause is remanded for a new hearing upon the Report of the Probation Officer and the Bill of Particulars.

21 N.C. App. at 320-321, 204 S.E. 2d at 187-188.

While it appears that the ruling in *Young* may not be entirely consistent with *Robinson*, we do not need to attempt to reconcile the two here. In the case at bar the defendant in fact offered extensive evidence as to his ability or inability to make the required payments, and following *Young*, the defendant is entitled to have the trial judge make findings of fact which will clearly show that he has considered and evaluated that evidence. The judgment under review here fails to do this.

The order revoking the probation is vacated and the cause is remanded for a new hearing on the violation report.

New hearing.

Judges ARNOLD and WEBB concur.