STATE OF NORTH CAROLINA v. CHARLES RAY HILL, Defendant

No. COA98-421

(Filed 2 February 1999)

1. **Probation and Parole— probation violation—lawful excuse rule**

    Under the "lawful excuse rule," a defendant's probation may not be revoked if he can demonstrate a lawful excuse for violating his probationary conditions.

2. **Probation and Parole— probation violation—lawful excuse—consideration of evidence—findings**

    A trial court must consider and evaluate evidence brought forth by a probationer in a probation revocation proceeding which demonstrates a lawful excuse for his violation; moreover, the trial court must make findings of fact which clearly show that it considered and evaluated such evidence.

3. **Probation and Parole— probation revocation—lawful excuse evidence—absence of findings**

    The trial court erred in revoking defendant's probation for failure to comply with restitution and community service conditions of his probation where the court refused to consider and evaluate evidence offered by defendant's attorney, consisting of medical reports and doctors' statements, that defendant's health problems prevented him from both providing restitution and completing his community service requirements, and the court

failed to find as a fact that defendant did not have a lawful excuse for his violation.

Appeal by defendant Charles Ray Hill from judgment entered 1 December 1997 by Judge Dennis Winner in Mitchell County Superior Court. Heard in the Court of Appeals 7 January 1999.

*Watson & Hunt, P.A., by Charlie A. Hunt, Jr., for defendant-appellant.*

*Michael F. Easley, Attorney General, by David L. Elliott, Associate Attorney General, for the State.*

WYNN, Judge.

On 14 November 1996, Charles Ray Hill pled guilty to four counts of obtaining property by false pretense and was placed on supervised probation under a suspended sentence. As part of the conditions of probation, the trial court ordered Hill to make monetary restitution in excess of $27,000 and to perform community service.

On 29 May 1997, Hill's probation officer filed a violation report alleging arrearage in the monetary conditions of Hill's probation. Thereafter, at a hearing before Superior Court Judge Dennis Winner, Hill admitted his failure to comply with the restitution and community service conditions placed upon his probation. Hill, however, testified that he was unable to work because of back, arthritis, and vision problems. Hill further testified that he had no regular income and had a disability claim pending with the Social Security Administration. Based on this testimony, Judge Winner continued prayer for judgment until 1 December 1997 to see if Hill's Social Security Disability benefits would be granted, and if so, whether Hill applied them to the outstanding arrearage. Judge Winner, however, conditioned this continuance on the specific condition that Hill complete his community service.

At the 1 December 1997 hearing, Hill's probation officer informed the court that Hill: (1) completed only twenty-seven of his one hundred hours of community service; (2) failed to comply with any of the restitution order; and (3) had been classified as disabled by the Social Security Administration and had begun receiving payments therefrom. In response, Hill's attorney informed the court that although Hill had received a $2,000 lump-sum payment and was to receive $427 a month, this money was needed by Hill to pay his rent and other

expenses. Hill's attorney then informed the court that Hill was assigned to work as an attendant at the Mitchell County Solid Waste Department and had to discontinue his employment after three or four days due to health problems. To support this contention, Hill's attorney offered the court pertinent medical reports and doctors' statements. The court, however, summarily revoked Hill's probation without looking at the proffered reports and statements.

Before reaching the pertinent issue on appeal, we note that defendant has violated rule 28(b)(5) of the North Carolina Rules of Appellate Procedure by failing to refer to the assignments of error and identify their numbers and the pages at which they appear on the record. When a party or attorney fails to comply with the appellate rules, rule 25(b) permits an appellate court to impose sanctions of the type and manner prescribed by rule 34 for frivolous appeals. Prior to imposing such sanctions, however, rule 34 mandates that the appellate "court shall order the person subject to sanction to show cause in writing or in oral argument or both why a sanction should not be imposed." Neither action is necessary in this case because we choose not to impose sanctions; instead, we will utilize our discretion under rule 2 to reach the merits of this appeal.

The sole issue on appeal is whether the trial court committed reversible error by failing to consider defendant's disability evidence prior to revoking his probation. We begin by noting that "[p]robation is an act of grace by the State to one convicted of a crime." *State v. Freeman,* 47 N.C. App. 171, 175, 266 S.E.2d 723, 725, *disc. rev. denied,* 301 N.C. 99, 273 S.E.2d 304 (1980). Further, a proceeding to revoke probation is not bound by strict rules of evidence and an alleged violation of a probationary condition need not be proven beyond a reasonable doubt. *See State v. Duncan,* 270 N.C. 241, 245, 154 S.E.2d 53, 57 (1967). Rather, "all that is required . . . is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has violated a valid condition upon which the sentence was suspended." *State v. Robinson,* 248 N.C. 282, 285-86, 103 S.E.2d 376, 379 (1958); *Freeman,* 47 N.C. App. at 175, 266 S.E.2d at 725.

[1] Although the aforementioned rules provide the trial court with substantial latitude in probation revocation proceedings, the trial court is nonetheless bound by certain parameters. Of particular import to the case *sub judice* are those parameters associated with the "lawful excuse" rule. The "lawful excuse" rule, which has its genesis in *State v. Robinson,* 248 N.C. 282, 103 S.E.2d 376 (1958), pro-

vides that a probationer's sentence may not be revoked if he can demonstrate a lawful excuse for violating his probationary conditions. *See Duncan*, 270 N.C. at 245, 154 S.E.2d at 57 (stating that probation can be revoked if the evidence demonstrates that the defendant has violated, without lawful excuse, a valid condition of his probation); *Robinson*, 248 N.C. at 287, 103 S.E.2d at 380 (same). The policy behind this rule is simple: the judicial discretion afforded judges in probation revocation proceedings "implies conscientious judgment, not arbitrary or willful action. It takes account of the law and the particular circumstances of the case, and is 'directed by the reason and conscience of the judge as to a just result'." *Duncan*, 270 N.C. at 245, 154 S.E.2d at 57 (*quoting Langnes v. Green*, 282 U.S. 531, 541, 75 L. Ed. 520, 526 (1931).). Accordingly, fairness dictates that in some instances a defendant's probation should not be revoked because of circumstances beyond his control.

In applying the "lawful excuse" rule, a trial court is mandated to consider facts brought forth by the defendant which demonstrate that he has a lawful excuse for his probation violation. *State v. Smith*, 43 N.C. App. 727, 259 S.E.2d 805 (1979). For example, in *Smith*, this Court vacated an order revoking probation after determining that the trial court failed to consider and evaluate evidence brought forth by the defendant demonstrating a lawful excuse for violating a probationary condition. *Id.* Indeed, we stated that "the defendant is entitled to have the trial judge make findings of fact which clearly show that he has considered and evaluated [evidence that the defendant's violation was not willful]." *Id.* at 732, 259 S.E.2d at 808.

This conclusion is supported by United States Supreme Court jurisprudence. In *Black v. Romano*, 471 U.S. 606, 612, 85 L. Ed. 2d 636, 641 (1985), for example, the United States Supreme Court stated that a "parolee or probationer is entitled to an opportunity to show not only that he did not violate the conditions, but also that there was a justifiable excuse for any violation or that revocation is not the appropriate disposition." In another case, the Court stated that "where the probationer has made all reasonable efforts to pay the fine or restitution, yet cannot do so through no fault of his own, it is fundamentally unfair to revoke probation automatically without considering whether adequate alternative methods of punishing the defendant are available." *Bearden v. Georgia*, 461 U.S. 660, 668-69, 76 L. Ed. 2d 221, 228 (1983). The Court continued: "in revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay." *Id.* at 669, 76 L. Ed. 2d at 228.

**[2]** In summation, both North Carolina and United States Supreme Court jurisprudence hold that a trial court must consider and evaluate evidence brought forth by the probationer which demonstrates a lawful excuse for his violation. Moreover, the trial court is required to make findings of fact which clearly show that it considered and evaluated such evidence.

**[3]** In the case *sub judice*, the trial court failed in both of the aforementioned respects. Indeed, Hill's attorney offered to provide the trial court with evidence demonstrating that Hill's health problems prevented him from both providing restitution and completing his community service requirements. The trial court, however, refused to consider and evaluate this evidence. Further, the trial court failed to find as fact that defendant did not have a lawful excuse for his violation. Therefore, we hold that the trial court erred and remand this matter so that the trial court may make the proper inquiry and findings of fact.

Vacated and Remanded.

Judges HORTON and EDMUNDS concur.