STATE OF NORTH CAROLINA v. MARION COX

No. COA03-593

(Filed 18 May 2004)

**Indigent Defendants— waiving appointed counsel—proceeding pro se—necessary inquiry**

A defendant's cocaine convictions were reversed where he clearly and unequivocally said that he would represent himself, the trial court told him to execute a waiver, and the judge never proceeded with the statutorily required waiver. The inquiry described in N.C.G.S. § 15A-1242 is mandatory in every case where the defendant requests to proceed pro se.

Judge TIMMONS-GOODSON concurring in the result.

Appeal by defendant from judgments entered 11 September 2002 by Judge Marcus L. Johnson in Mecklenburg County Superior Court. Heard in the Court of Appeals 3 May 2004.

*Attorney General Roy Cooper, by. Assistant Attorney General Tammera S. Hill, for the State.*

*Leslie C. Rawls, for defendant-appellant.*

CALABRIA, Judge.

Defendant was charged with conspiracy to sell cocaine, sale of cocaine, delivery of cocaine, and possession with intent to sell or deliver cocaine. Prior to trial, defendant sent his appointed counsel a letter asking that new counsel be appointed in his case. On 23 May 2002, a hearing was held before Judge Richard D. Boner on defendant's request. Defendant and the trial court then engaged in the following colloquy:

THE STATE: Your Honor, this is the defendant's motion to consider counsel.

. . .

THE COURT: He doesn't have a lawyer?

[DEFENSE COUNSEL]: I'm his appointed attorney right now. I have communicated with him about his case by letter. He sent a letter back to me stating he would like new counsel appointed.

STATE v. COX

[164 N.C. App. 399 (2004)]

THE COURT: Have you got the money to hire one?

[DEFENDANT]: No; I don't. I'm currently in DOC.

THE COURT: All right. You have got two choices; represent yourself or keep this lawyer. Which one do you want? That's your two choices.

[DEFENDANT]: I'm not allowed to—if I'm not satisfied with the attorney's representation—I'm saying—

THE COURT: Well, I'm just telling you if you're not satisfied then you can represent yourself or hire a lawyer. It doesn't work this way; you don't pick and choose your lawyers in here when they are court appointed.

[DEFENDANT]: I understand that, Your Honor, but if I'm not satisfied with the attorney—

THE COURT: You better get satisfied or represent yourself. That's as simple as I can make it. I'm not going to play musical lawyers. If you don't like the representation then hire your own lawyer or represent yourself.

[DEFENDANT]: I'll represent myself then.

THE COURT: All right. Step up here and execute a waiver.

Defendant complied and indicated he would "get an attorney." The trial court had defendant sworn and took his pleas of not guilty for the offenses charged. At the conclusion of the hearing, the trial court entered a note in defendant's file indicating that defendant asked for substitute counsel and that request had been denied.

Defendant appeared for trial on 9 September 2002. Defendant renewed his request that substitute counsel be appointed to represent him. The trial court denied defendant's request after reviewing the note in the file indicating the trial court had advised defendant that new counsel would not be appointed if defendant dismissed his appointed counsel and signed a waiver of counsel.

Defendant was convicted of conspiracy to sell cocaine, possession with intent to sell or deliver cocaine, sale of cocaine and delivery of cocaine. Defendant was sentenced to a term of twenty-four to twenty-nine months in the North Carolina Department of Correction for the sale of cocaine conviction, and a consecutive term of another twenty-four to twenty-nine months for the conspiracy and possession

convictions. The trial court arrested judgment on the remaining charge of delivery of cocaine. Defendant appeals.

On appeal, defendant asserts the trial court erred (I) by denying defendant's request for appointment of substitute counsel without allowing him to present evidence or argument on his request and (II) by failing to intervene on its own initiative to stop and strike certain comments directed towards defendant by a witness on cross-examination.

Defendant did not assign error to the trial court's failure to conduct further inquiry under N.C. Gen. Stat. § 15A-1242 (2003); therefore, under our rules of appellate procedure, this argument has been abandoned. N.C.R. App. P. 28(b)(6) (2004). However, we suspend the application of Rule 28(b)(6) pursuant to our discretion under N.C.R. App. P. 2 (2004).

North Carolina General Statutes § 15A-1242 provides as follows:

A defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

"The inquiry described in G.S. § 15A-1242 is mandatory in every case where the defendant requests to proceed *pro se." State v. White*, 78 N.C. App. 741, 746, 338 S.E.2d 614, 616 (1986).

In the instant case, defendant clearly and unequivocally stated he would represent himself.[1] Thereafter, the trial court instructed

---

1. The State argues that there was no clear or unequivocal assertion of a desire to conduct a *pro se* defense because defendant was merely asking for substitute counsel. *See State v. Hutchins*, 303 N.C. 321, 339, 279 S.E.2d 788, 800 (1981); *State v. McGuire*, 297 N.C. 69, 83, 254 S.E.2d 165, 174 (1979). Those cases are distinguishable in that, in each case, the defendant continued with appointed counsel. In the instant case, defendant continued *pro se*. Accordingly, we find this case more closely analogous to, and controlled by, our analysis in *State v. White*, 78 N.C. App. at 746, 338 S.E.2d at 616-17.

him to execute a waiver but failed to proceed with the inquiry required under N.C. Gen. Stat. § 15A-1242. "A written waiver of counsel is no substitute for actual compliance by the trial court with G.S. § 15A-1242." *State v. Wells*, 78 N.C. App. 769, 773, 338 S.E.2d 573, 575 (1986). "We conclude that in the absence of . . . the inquiry required by G.S. § 15A-1242, it was error to permit defendant to go to trial without the assistance of counsel." *White*, 78 N.C. App. at 746, 338 S.E.2d at 617.

Because of our disposition of this issue, we need not address defendant's remaining arguments on appeal. Accordingly, we reverse and remand.

Reversed and remanded.

Judge ELMORE concurs.

Judge TIMMONS-GOODSON concurs in the result with a separate opinion.

TIMMONS-GOODSON, Judge, concurring in the result.

I agree with the majority's conclusion that the trial court erred in its treatment of defendant's request for the appointment of substitute counsel. However, I believe that a *pro se* inquiry analysis is not appropriate because defendant's repeated request was not that the trial court allow him to proceed *pro se*, but that the trial court appoint substitute counsel.

Defendant agreed to represent himself *pro se* only after the trial court denied his request for substitute counsel. Yet, defendant renewed his request for substitute counsel at the commencement of trial, which demonstrated his desire to be represented by counsel. Therefore, I believe that defendant's repeated request that the trial court appoint substitute counsel should be the focus of this Court's analysis.

Defendant asserts that the court failed to determine if any conflict of interest or other facts existed that would have justified or required appointing new counsel. I agree.

Our Supreme Court has stated:

While it is a fundamental principle that an indigent defendant in a serious criminal prosecution must have counsel appointed to rep-

resent him, an indigent defendant does not have the right to have counsel of *his choice* appointed to represent him. This does not mean, however, that a defendant is never entitled to have new or substitute counsel appointed. A trial court is constitutionally required to appoint substitute counsel whenever representation by counsel originally appointed would amount to denial of defendant's right to effective assistance of counsel, that is, when the initial appointment has not afforded defendant his constitutional right to counsel. Thus, when it appears to the trial court that the original counsel is reasonably competent to present defendant's case and the nature of the conflict between defendant and counsel is not such as would render counsel incompetent or ineffective to represent *that* defendant, denial of defendant's request to appoint substitute counsel is entirely proper.

*State v. Thacker*, 301 N.C. 348, 351-52, 271 S.E.2d 252, 255 (1980) (citations omitted). In the case *sub judice*, the trial court made no inquiry whatsoever regarding defendant's request that substitute counsel be appointed to represent him, and that he could either keep his current counsel or represent himself at trial. The court afforded defendant no opportunity to explain why substitute counsel should be appointed. Thus, the trial court failed to determine whether there was a conflict of interest or other grounds upon which continued representation by his appointed counsel would deny defendant his constitutional right to counsel. *Id.* Therefore, I conclude that the trial court erred in its treatment of defendant's request for the appointment of substitute counsel.