STATE OF NORTH CAROLINA v. WALTER HERMAN HILL

No. COA04-867

(Filed 1 February 2005)

**Constitutional Law— right to counsel—waiver—knowing and voluntary**

The trial court fully complied with statutory requirements in determining that defendant voluntarily, knowingly, and intelligently waived his right to counsel at a probation revocation hearing. In addition to the written waiver, the court's discussion with defendant in open court was sufficient to satisfy the statutory mandate. N.C.G.S. § 15A-1242.

Appeal by defendant from judgment entered 05 April 2004 by Judge Orlando F. Hudson in Wake County Superior Court. Heard in the Court of Appeals 17 January 2005.

*Attorney General Roy A. Cooper, III, by Assistant Attorney General Ann Stone, for the State.*

*Appellate Defender Staples S. Hughes, by Assistant Appellate Defender Kelly D. Miller, for defendant-appellant.*

STATE v. HILL

[168 N.C. App. 391 (2005)]

HUNTER, Judge.

On 31 August 1999, Walter Herman Hill ("defendant") was convicted of assault with a deadly weapon inflicting serious injury. The trial court imposed a suspended sentence of twenty-nine to forty-four months imprisonment and placed defendant on supervised probation for sixty months. As a condition of his probation, defendant was ordered to pay restitution totaling $19,573.95.

A violation report filed 20 December 2002 charged that defendant had failed to pay $19,018.95 of the court-ordered restitution and had "absconded and move[d] to the State of . . . Alabama without informing his probation officer[.]" The trial court appointed counsel to represent defendant in the probation violation proceeding. At the hearing on the charged violations, defendant appeared with his appointed counsel but discharged her, executed a written waiver of his right to assistance of counsel, and elected to represent himself. After hearing testimony from defendant and his probation officer, the court found defendant in willful violation of his probation as alleged in the violation report. It revoked defendant's probation and activated his suspended sentence.

On appeal, defendant argues that the trial court erred in allowing him to proceed *pro se* at the probation hearing without first engaging him in the colloquy mandated by N.C. Gen. Stat. § 15A-1242 (2003), to ensure that his waiver of counsel was knowing and voluntary.

Under N.C. Gen. Stat. § 15A-1345(e) (2003), a defendant has a right to the assistance of counsel at a probation revocation hearing. It is equally true, however, that a defendant enjoys " ' "a right to handle his own case without interference by, or the assistance of, counsel forced upon him against his wishes." ' " *State v. Fulp*, 355 N.C. 171, 174, 558 S.E.2d 156, 158 (2002) (citations omitted). This Court has held that a waiver of the right to counsel at a revocation hearing is subject to the same procedural safeguards as apply in criminal trials, to wit:

[T]he right to assistance of counsel may only be waived where the defendant's election to proceed *pro se* is "clearly and unequivocally" expressed and the trial court makes a thorough inquiry as to whether the defendant's waiver was knowing, intelligent and voluntary. This mandated inquiry is satisfied only where the trial court fulfills the requirements of N.C. Gen. Stat. § 15A-1242.

*State v. Evans*, 153 N.C. App. 313, 315, 569 S.E.2d 673, 675 (2002) (citation omitted). By statute, the trial court must undertake a "thorough inquiry" to determine that the defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

N.C. Gen. Stat. § 15A-1242.

As noted above, defendant appeared at his probation violation hearing with court-appointed counsel but announced, "I would like to dismiss [counsel] for representing me on this case based on some inadequate preparation . . . , and I'm prepared to represent myself in this matter." Defendant expressed his belief that his attorney at trial had failed to provide competent representation at sentencing, and that the district attorney had not properly "verified" the restitution amount. As grounds for dismissing his appointed counsel, defendant claimed she initially advised him of "a discrepancy in the sentencing" during a consultation prior to 15 March 2004. When defendant asked counsel about his sentence on 5 April 2004, however, she told him that "she believed it to be right." Defendant also objected to counsel's advice that many of his concerns about his original sentencing proceeding were not germane to the probation violation hearing.

Following defendant's proffer, the transcript reflects the following discussion in open court:

[PROSECUTOR]: . . . [D]efendant was found guilty of assault with a deadly weapon inflicting serious injury, E felony, Level II, received a 29-month minimum, 44-month maximum sentence suspended for 60 months, restitution was ordered at $19,389.95. . . .

. He was placed on probation. The violation he's here before today is the $19,000 he's supposed to pay, $19,573. . . . He paid about $500 since 1999. And other allegation he's absconded from supervision, that he moved to the [city] of Mobile, Alabama without getting prior approval from the probation officer, and revocation would be our ultimate recommendation to the Court.

STATE v. HILL

[168 N.C. App. 391 (2005)]

[DEFENDANT]: Excuse me, Your Honor.

COURT: Hold on. I'll get back to you.

Upon inquiry to defendant's appointed counsel, the trial court found no grounds for her dismissal or for the appointment of substitute counsel to represent defendant.

Having concluded that it would not appoint new counsel for defendant, the court engaged him in the following colloquy:

[COURT:] Now, you have a Constitutional right to represent yourself, handle this case yourself. No one can make you have a lawyer if you don't wish to have a lawyer, and because I don't see any reason . . . to excuse her as a lawyer, she's going to represent you until I excuse her. I will excuse her if you want to handle this case yourself, and you won't have a lawyer, but I'm not going to give you another Court-appointed attorney.

[DEFENDANT]: That will be fine.

COURT: What would be fine?

[DEFENDANT]: If I represent myself.

COURT: All right. You understand that as a consequence of representing yourself, you could go to prison apparently for a minimum of 29 months, a maximum of 44 months, that that is the penalty that you're looking—

[DEFENDANT]: Yes, sir.

COURT: I tell you that so that you will understand the consequences of proceeding without a lawyer. Do you understand that?

[DEFENDANT]: Yes, Your Honor.

·COURT: All right. . . .

Sir, what this means when you sign this waiver is you no longer wish to have the Court have [appointed counsel] to represent you or any other lawyer.

[DEFENDANT]: If I choose to hire a lawyer for an appeal or something like that, I would be able to do that, right?

COURT: Yes, sir. If you're able to hire a lawyer for an appeal or if you ask for Appellate Defender to represent you, that's an issue that I would have to consider at the time.

**STATE v. HILL**

[168 N.C. App. 391 (2005)]

Defendant signed a written Waiver of Counsel certified by the trial court. The waiver first states an Acknowledgment of Rights and Waiver as follows:

> As the undersigned party in this action, I freely and voluntarily declare that I have been fully informed of the charges against me, the nature of and the statutory punishment for each such charge, and the nature of the proceedings against me; that I have been advised of my right to have counsel assigned to assist me and my right to have the assistance of counsel in defending against these charges or in handling these proceedings, and that I fully understand and appreciate the consequences of my decision to waive the right to assigned counsel and the right to assistance of counsel.
>
> I freely, voluntarily and knowingly declare that:
>
> (Check only one)
>
> ! 1. I waive my right to assigned counsel and that I, hereby, expressly waive that right.
>
> ( 2. I waive my right to all assistance of counsel which includes my right to assigned counsel and my right to the assistance of counsel. In all respects, I desire to appear in my own behalf, which I understand I have the right to do.

After selecting only the second box, defendant signed the waiver of counsel form. The trial judge then certified the waiver as follows:

> I certify that the above named defendant has been fully informed in open court of the charges against him/her, the nature of and the statutory punishment for each charge, and the nature of the proceeding against the defendant and his/her right to have counsel assigned by the court and his/her right to have the assistance of counsel to represent him/her in this action; that the defendant comprehends the nature of the charges and proceedings and the range of punishments; that he/she understands and appreciates the consequences of his/her decision and that the defendant has voluntarily, knowingly and intelligently elected in open court to be tried in this action:
>
> (Check only one)
>
> ! 1. without the assignment of counsel.
>
> ( 2. without the assistance of counsel, which includes the right to assigned counsel and the right to assistance of counsel.

Here, where both the defendant and trial judge properly completed the form, the signed and certified written waiver creates a presumption that the waiver was knowing, intelligent and voluntary. *See State v. Kinlock*, 152 N.C. App. 84, 89-90, 566 S.E.2d 738, 741 (2002).

Upon completion of the waiver, the trial court excused his appointed counsel, discharging her from further representation. Even after signing the written waiver, defendant was given a final opportunity to delay the proceeding for the purpose or retaining private counsel, which he declined as follows:

[PROSECUTOR]: If [defendant]'s not making a motion to continue to hire an attorney, we're ready to go ahead and proceed with the probation violation hearing.

COURT: All right. [Defendant], what is your position at this particular time? The State's ready to go forward unless you are requesting time to hire a lawyer. . . .

[DEFENDANT]: I would like to go forward.

COURT: All right. . . .

In addition to the written waiver, we believe the court's discussion with defendant in open court was sufficient to satisfy the mandate of N.C. Gen. Stat. § 15A-1242.

If defendant clearly indicates a desire to have counsel removed and proceed *pro se*, then the trial judge should make further inquiry; he should advise defendant of his right to represent himself, and determine whether defendant understands the consequences of his decision and voluntarily and intelligently wishes to waive his rights.

*State v. Gerald*, 304 N.C. 511, 519, 284 S.E.2d 312, 317 (1981). Defendant was unquestionably apprised of his right to counsel, having appeared at the hearing with his appointed counsel and acknowledging that he had consulted with her on at least one prior occasion. The trial court directly advised defendant that, while he had a constitutional right to self-representation, his appointed counsel would continue to represent him unless defendant affirmatively chose to excuse her and to proceed *pro se*. Even after defendant discharged his appointed counsel and signed the written waiver of his right to assistance of counsel, the court offered defendant the opportunity to request a continuance for the purpose of hiring a private attorney. Instead, defendant told the court, "I would like to go forward."

Regarding the consequences of his decision, the court advised defendant that he would not be appointed a new counsel and that "as a consequence of representing yourself, you could go to prison . . . for a minimum of 29 months, a maximum of 44 months[.]" Defendant stated that he understood these consequences but asked if he would retain the right to counsel on appeal. The court clarified for defendant that his waiver would not affect his right to either hire or request appointment of appellate counsel.

Finally, although the trial judge did not directly ask defendant if he was aware of the nature of the charges and proceedings, the prosecutor announced the charges in open court, as follows: "[Defendant] was placed on probation. The violation he's here before today is the $19,000 he's supposed to pay, $19,573. . . . He paid about $500 since 1999. And other allegation he's absconded from supervision, that he moved to the [city] of Mobile, Alabama without getting prior approval from the probation officer[.]" *Cf. State v. Phillips*, 152 N.C. App. 679, 685-86, 568 S.E.2d 300, 304 (2002) (overruling challenge to waiver of counsel where "[t]he charges were read to defendant by the assistant district attorney, and he acknowledged being served with the Misdemeanor Statement of Charges"). Moreover, defendant confirmed to the court his awareness that he was facing an active prison sentence of twenty-nine to forty-four months. When informed that the prosecution was prepared to "proceed with the probation violation hearing[,]" defendant likewise affirmed to the court his desire "to go forward." Here, "there is no indication in the record before us that defendant misunderstood the nature of the proceedings, was misunderstood by the court, or was given no chance to explain." *State v. Warren*, 82 N.C. App. 84, 88, 345 S.E.2d 437, 440 (1986).

Having carefully reviewed the hearing transcript, we conclude that the trial court fully complied with the requirements of N.C. Gen. Stat. § 15A-1242 in determining that defendant "voluntarily, knowingly and intelligently" waived his right to counsel.

The record on appeal contains additional assignments of error not addressed by defendant in his brief to this Court. Pursuant to N.C.R. App. P. 28(b)(6), we deem them abandoned.

Affirmed.

Judges ELMORE and STEELMAN concur.