STATE OF NORTH CAROLINA v. KRISTIE W. WHITFIELD

No. COA04-719

(Filed 7 June 2005)

**Constitutional Law; Probation and Parole— right to counsel— revocation of probation—waiver**

> The trial court did not err by revoking defendant's probation and by activating her prison sentence for convictions of felony possession of cocaine and possession of cocaine with intent to sell and deliver even though defendant contends she should not have been permitted to proceed pro se without the trial court determining whether her waiver of the right to counsel was knowing, intelligent, and voluntary, because: (1) the trial court made the appropriate inquiry when it followed all three requirements set forth under N.C.G.S. § 15A-1242; (2) cognizant of these facts, defendant verbally gave a knowing, intelligent, and voluntary waiver of her right to counsel; (3) defendant later signed a document indicating that she waived her right to counsel and wanted to appear on her own behalf; (4) after defendant waived her right to counsel, she was competent enough to make a motion to continue the case; and (5) defendant made the comment about why she could not hire an attorney after the prosecutor asked her to admit or deny the charges, and defendant's explanation was not responsive to the inquiry but instead seemed to be a deliberate attempt to avoid answering the question.

Judge ELMORE dissenting.

Appeal by defendant from judgments entered 12 January 2004 by Judge Evelyn W. Hill in Wake County Superior Court. Heard in the Court of Appeals 14 February 2005.

*Attorney General Roy Cooper, by Assistant Attorney General Thomas H. Moore, for the State.*

*Appellate Defender Staples Hughes, by Assistant Appellate Defender, Matthew D. Wunsche, for defendant appellant.*

McCULLOUGH, Judge.

Defendant Kristie W. Whitfield appeals from the trial court's order revoking her probation and activating her prison sentence. This case arose after defendant pled guilty to two separate drug convictions.

On 5 June 2002, defendant pled guilty to felony possession of cocaine. At that time, the trial judge sentenced defendant to between four and five months in prison. The judge suspended the sentence and placed defendant on probation for twenty-four months. On 22 May 2003, defendant pled guilty to possession of cocaine with intent to sell and deliver. The judge sentenced defendant to between eight and ten months in prison. The judge suspended the sentence and placed defendant on probation for eighteen months.

The terms of defendant's probation for the two convictions required her to perform community service, follow a nighttime curfew, pay community service costs, and regularly visit her probation officer.

On or about 28 October 2003, defendant's probation officer filed notices of probation violations against defendant in Wake County. The notices alleged that defendant failed to complete her community service hours, broke her curfew on several dates, missed office appointments with her probation officer, and did not pay community service fees, court fees, and probation fees.

A hearing occurred on 12 January 2004 in Wake County Superior Court. The trial court revoked defendant's probation and activated her sentences. Defendant appeals.

On appeal, defendant argues that the trial court erred by permitting her to proceed *pro se* without properly determining whether her waiver of the right to counsel was knowing, intelligent, and voluntary. We disagree and affirm the decision of the trial court.

Pursuant to N.C. Gen. Stat. § 15A-1344 (2003), a trial court may modify or revoke probation when a person violates one of the terms of probation. Subsection (d) of the statute provides in pertinent part:

If a convicted defendant violates a condition of probation at any time prior to the expiration or termination of the period of probation, the court, in accordance with the provisions of G.S. 15A-1345, may continue him on probation, with or without modifying the conditions, may place the defendant on special probation as provided in subsection (e), or, if continuation, modification, or special probation is not appropriate, may revoke the probation and activate the suspended sentence imposed at the time of initial sentencing, if any, or may order that charges as to which prosecution has been deferred be brought to trial; provided that probation may not be revoked solely for conviction of a Class 3 misdemeanor.

N.C. Gen. Stat. § 15A-1344(d).

A defendant has a right to assistance of legal counsel during a probation revocation hearing. N.C. Gen. Stat. § 15A-1345(e) (2003). Defendant also has the right to refuse the assistance of counsel and proceed *pro se*. *State v. Gerald*, 304 N.C. 511, 516, 284 S.E.2d 312, 316 (1981). A defendant must clearly and unequivocally waive the right to counsel, and the trial court must make a thorough inquiry as to whether defendant's waiver was knowing, intelligent, and voluntary. *State v. Carter*, 338 N.C. 569, 581, 451 S.E.2d 157, 163 (1994), *cert. denied*, 531 U.S. 843, 148 L. Ed. 2d 67, *reh'g denied*, 531 U.S. 1002, 148 L. Ed. 2d 475 (2000). A signed written waiver is presumptive evidence that a defendant wishes to act as his or her own attorney. *State v. Warren*, 82 N.C. App. 84, 89, 345 S.E.2d 437, 441 (1986). However, the trial court must still comply with N.C. Gen. Stat. § 15A-1242 (2003). This statute allows a defendant to proceed without counsel if the trial judge makes a thorough inquiry and is satisfied that defendant:

(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;

(2) Understands and appreciates the consequences of this decision; and

(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.

*Id.*

Defendant's contention is that the trial judge failed to comply with this statutory mandate. During the hearing, the following exchange took place between the trial judge and defendant:

**STATE v. WHITFIELD**

[170 N.C. App. 618 (2005)]

THE COURT: All right. Ms. Whitfield, do you understand that you have possibly 11 to 15 months hanging over your head?

DEFENDANT: Yes, ma'am.

THE COURT: You understand that?

DEFENDANT: Yes, ma'am.

THE COURT: If your probation is revoked, you may very well have your sentence activated, have to serve that time. You're entitled to have an attorney to represent you. Are you going to hire an attorney to represent you, represent yourself, or ask for a court appointed attorney[?] [O]f those three choices, which choice do you make?

DEFENDANT: Represent myself.

THE COURT: Put your left hand on the Bible and raise your right hand.

(The Defendant was sworn by the Court)

THE COURT: That is what you want to do, so help you God?

DEFENDANT: Yes, ma'am.

This exchange reveals that the trial judge did make the appropriate inquiry as to whether defendant's waiver was knowing, intelligent, and voluntary. The trial judge followed all three requirements set forth in N.C. Gen. Stat. § 15A-1242. She informed defendant of the right of assistance of counsel, including the right to a court-appointed attorney if defendant was entitled to one. The trial judge also made sure that defendant understood that her probation could be revoked, that her sentences could be activated, and that she could serve eleven to fifteen months in prison. Cognizant of these facts, defendant verbally gave a knowing, intelligent, and voluntary waiver of her right to counsel. Later, defendant signed a document indicating that she waived her right to counsel and wanted to appear on her own behalf. Therefore, we have no doubt that defendant intended to and did in fact waive her right to counsel.

In her brief, defendant seizes upon a partial statement to suggest that she was confused about her right to counsel. When the prosecutor asked defendant to admit or deny the charges, defendant responded: "Excuse me. I cannot hire my own lawyer because I[.]" The timing and context of the statement suggest that defendant was not confused about waiving her right to counsel.

STATE v. WHITFIELD

[170 N.C. App. 618 (2005)]

First, defendant's statement came *after* she waived her right to counsel verbally. As we have indicated, defendant was aware of the consequences of representing herself and made her decision without hesitation. Furthermore, the fact that defendant signed a written waiver is strong evidence tending to show that she made a knowing, intelligent, and voluntary waiver.

Second, after defendant waived her right to counsel, she was competent enough to make a motion to continue the case. The trial judge denied that motion and heard the matter immediately. This action is significant because it reveals defendant's effort to proceed on her own and zealously represent herself; it also contradicts the suggestion that defendant was confused about her right to counsel.

Finally, defendant made the comment about why she could not hire an attorney *after* the prosecutor asked her to admit or deny the charges. Since defendant's explanation as to why she could not hire her own lawyer was not responsive to that inquiry, it may have been a deliberate attempt to avoid answering the question.

After careful consideration, we conclude that the trial judge conducted the proper inquiry and determined that defendant's waiver of counsel was knowing, intelligent, and voluntary. We hold that the trial judge acted properly in revoking defendant's probation and activating her prison sentence. Therefore, the decision of the trial court is

Affirmed.

Chief Judge MARTIN concurs.

Judge ELMORE dissents.

ELMORE, Judge dissenting.

I do not agree with the majority's holding that defendant fully understood her waiver of counsel. As discussed above, N.C. Gen. Stat. § 15A-1242 (2003) mandates that the trial judge must conduct a "thorough inquiry and [be] satisfied that the defendant . . . [h]as been clearly advised[,] . . . [u]nderstands and appreciates[,] . . . and [c]omprehends" three distinct aspects of their waiver. A trial court's failure to thoroughly inquire into 1) the right to counsel; 2) the consequences of the decision to proceed *pro se; and* 3) the nature of the proceedings and possible punishments, fails to meet the statutory requirements for a clear an unequivocal wavier. *See* N.C. Gen.

Stat. § 15A-1242 (2003); *State v. Cox*, 164 N.C. App. 399, 401-02, 595 S.E.2d 726, 728 (2004); *State v. Evans*, 153 N.C. App. 313, 315-16, 569 S.E.2d 673, 675 (2002). There is no indication that Judge Hill's inquiry of defendant rose to this comprehensive level.

Most recently, in *State v. Hill*, 168 N.C. App. 391, 396-97, 607 S.E.2d 670, 673-74 (2005), this Court held that an open court discussion probing each of the three concerns stated in 15A-1242 was sufficient to support a waiver. There the court took several opportunities to make sure that defendant understood the detailed allegations against him, the possible penalties, and the full ramifications of waving not only appointed counsel but proceeding *pro se. Id.* Yet, in *Cox*, 164 N.C. App. at 399-402, 595 S.E.2d at 727-28, we reversed the probation revocation of defendant and remanded for a new hearing because the trial court failed to adequately comply with the dictates of section 15A-1242. There the trial court only inquired or informed defendant of his right to counsel or proceed *pro se*. The court did not inquire on whether defendant understood the ramifications of proceeding *pro se. Id.*

The inquiry conducted by Judge Hill aligns more closely with *Cox* and *Evans* than it does with the trial court's thorough inquiry in *Hill*. Here, the trial court failed to conduct any detailed inquiry into whether defendant understood and appreciated the consequences of the waiver or comprehended the nature of the charges and permissible punishments. *See* N.C. Gen. Stat. § 15A-1242 (2003). There was no explanation of the full charges by the probation officer and district attorney, nor was there any understanding evidenced that defendant appreciated the consequences of waiving counsel solely a question of "do you understand?"

Any question of whether defendant understood, comprehended, or appreciated the wavier of counsel should have been answered in the negative when she tried to explain why she did not have an attorney.

DISTRICT ATT: Ma'am, do you admit or deny that you have, as of the date of this report, which was October 22, 2003, that you failed to complete 50 hours of community service?

DEFENDANT: Excuse me. I cannot hire my own lawyer because I—

COURT: Ma'am, listen to me very carefully.

DEFENDANT: I'm sorry

STATE v. WHITFIELD

[170 N.C. App. 618 (2005)]

COURT: First of all, your going to have to talk so the court reporter can hear what you're saying. She asked you do you admit or deny certain violations. You answer I admit it or I deny it.

DEFENDANT: I admit it.

COURT: We're not here to hear a long sob story yet. I certainly will hear your reasons once we get through this portion of the procedure, okay? Okay. So as to the—just start all over.

The majority refers to defendant seizing upon "a partial statement" to bolster her claim that she did not understand the wavier. But her statement was only partial due to the fact that Judge Hill directed her to answer the question. It is unsubstantiated speculation on behalf of the majority to suggest that defendant was avoiding the question asked by the district attorney. Further, while marginally relevant, it is not "significant" to a determination of understanding a waiver that defendant asked for a continuance.

Further, while marginally relevant, it is not "significant" to a determination of understanding a waiver that defendant asked for a continuance. Defendant asked the district attorney for a continuance so that she could make payment on money owed under one of the judgments. The district attorney brought the request to the court's attention. After a brief discussion between the trial court, defendant, and probation officer, Judge Hill denied the continuance. The very next words were the district attorney's, listed above, and an attempted explanation by defendant as to why she could not afford an attorney. The district attorney then went through a series of "do you admit" questions regarding defendant's alleged probation violations, and defendant answered only "yes, ma'am" to each question. This exchange hardly shows zealous advocacy from someone who thoroughly understood the implications of waiving counsel and proceeding *pro se*.

Even though the mere utterance of "lawyer," "counsel," or "attorney" will not thwart an otherwise thorough inquiry, I am not convinced that section 15A-1242's "thorough" multiple approach inquiry has been achieved here. *See, e.g., Hill,* 168 N.C. App. at 396, 607 S.E.2d at 673 ("Even after defendant discharged his appointed counsel and signed the written waiver of his right to assistance of counsel, the court offered defendant the opportunity to request a continuance for the purpose of hiring a private attorney.").

Accordingly, I would reverse the court's judgment revoking defendant's probation and remand for a new hearing.