STATE OF NORTH CAROLINA
v.
HOPE ARETZ
No. COA09-588
Court of Appeals of North Carolina
Filed October 6, 2009
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Kathryn Jones Cooper, for the State.
Guy J. Loranger for Defendant.
STEPHENS, Judge.

I. Procedural History and Factual Background
On 13 June 2007, Defendant entered an Alford guilty plea[1] to larceny by an employee after she was arrested on 14 August 2006 and charged with taking $5000.00 from the convenience store at which she was employed in Jacksonville, North Carolina. Judge Phyllis Gorham sentenced Defendant to a term of eight to ten months imprisonment, which she suspended on condition that Defendant complete 36 months of supervised probation. In addition, Judge Gorham imposed the following monetary conditions: $230.50 in court costs, $50.00 in miscellaneous fees, a $100.00 fine, $5000.00 in restitution, and $1105.00 for attorney's fees, totaling $6485.50. Judge Gorham's judgment also required that Defendant "[n]ot use, possess or control any illegal drug or controlled substance[.]"
On 21 August 2007, Defendant's probation officer filed a violation report alleging that Defendant violated her probation by testing positive for cocaine on 24 July 2007. On 27 September 2007, in Onslow County Superior Court, Judge Charles Henry "[was] not reasonably satisfied" that any such violation had occurred, and thus, did not modify the original judgment.
On 6 May 2008, Defendant's probation officer filed a second violation report, alleging that Defendant (1) had paid only $10.00 and was $2135.00 in arrears in her court indebtedness, and (2) had paid only $140.00 of her probation supervision fees, and was $190.00 in arrears. Judge Henry heard this matter on 26 August 2008 and found that Defendant had committed the two violations alleged by her probation officer. Judge Henry modified the original judgment and ordered Defendant to pay $500.00 on 20 [sic] August 2008. He struck the current and future probation supervision fees and ordered that the amount already paid by Defendant toward such fees be applied to the restitution amount she owed. Judge Henry also ordered as a special condition that if Defendant fell more than 60 days behind in her court indebtedness payments, she was to be cited back to court for a probation violation hearing.
On 2 January 2009, Defendant's probation officer filed a third probation violation report alleging that Defendant had paid only $50.00 of her court indebtedness and was $1075.00 in arrears. On 15 January 2009, Defendant signed a waiver of counsel in Onslow County District Court, on which she marked boxes indicating a waiver of the right to assigned counsel and a waiver of her right to all assistance of counsel. The form states that only one of these boxes should be checked. Although Defendant made markings in both boxes, the box corresponding to her waiver of right to assigned counsel contains a clearly written "x," whereas the box corresponding to her waiver of her right to all assistance of counsel contains an "x" that appears to have been crossed out.
Defendant's probation violation came on for hearing on 9 February 2009, in Onslow County Superior Court before Judge Benjamin G. Alford. At the beginning of the hearing, the State advised the trial court that "[w]e need to inquire into [Defendant's] attorney situation." The trial court asked Defendant if she would like to proceed with a lawyer or without, to which Defendant replied, "Without, right now." Defendant signed a second waiver of counsel form, on which she clearly indicated her preference to waive her right to all assistance of counsel by placing a single check mark in the appropriate box.
At the hearing, Defendant admitted to being behind on payments in violation of her probation. Defendant's probation officer testified that as of the date of the hearing, Defendant had paid a total of $745.00. After hearing from the Defendant and Defendant's probation officer, the trial court found that Defendant "came into court freely and voluntarily admitted the violation." The trial court entered an order to revoke Defendant's probation and invoke the active sentence unless Defendant paid $4400.00 in restitution by 5:00 p.m. on 13 February 2009. Defendant did not make any payment prior to the trial court's deadline, and she was placed in the custody of the North Carolina Department of Correction on 16 February 2009.
Defendant filed a pro se notice of appeal to this Court on 16 February 2009. Appellate counsel was appointed by the Appellate Defender on 25 February 2009.

II. Waiver of Right to Counsel
Defendant argues that the trial court failed to comply with the statutory mandates in N.C. Gen. Stat. § 15A-1242 in allowing her to proceed pro se. Specifically, Defendant contends the trial court failed to establish that Defendant clearly and unequivocally expressed an election to waive her right to counsel, and that the trial court failed to make a sufficient inquiry as to whether her waiver of counsel was knowingly, intelligently, and voluntarily made.
The sufficiency of a trial court's inquiry as to whether a defendant knowingly, intelligently, and voluntarily waived her right to counsel pursuant to N.C. Gen. Stat. § 15A-1242 is a question of law. Our Court reviews questions of law de novo. State v. Sapp, 190 N.C. App. 698, 703, 661 S.E.2d 304, 307 (2008); see State v. Evans, 153 N.C. App. 313, 315-16, 569 S.E.2d 673, 675 (2002) (applying de novo review of trial court's compliance with N.C. Gen. Stat. § 15A-1242).
The right to counsel is guaranteed by the Sixth and Fourteenth Amendments of the United States Constitution and Article I of the North Carolina Constitution. State v. McFadden, 292 N.C. 609, 234 S.E.2d 742 (1977). A part of this right includes the right of an indigent defendant to appointed counsel. N.C. Gen. Stat. § 7A-450[;] Gideon v. Wainwright, 372 U.S. 335, 9 L. Ed. 2d 799 (1963). A defendant who retains private counsel has a Sixth Amendment right to counsel of his choosing. McFadden, 292 N.C. 609, 234 S.E.2d 742. A defendant must be granted a reasonable time in which to obtain counsel of his own choosing, and must be granted a continuance to obtain counsel of his choosing where, through no fault of his own, he is without counsel. Id. at 614-15, 234 S.E.2d at 746 (citing Lee v. United States, 98 U.S. App. D.C. 272, 235 F.2d 219 (1956)). Finally, a defendant also has a right to represent himself in a criminal proceeding. State v. Thacker, 301 N.C. 348, 271 S.E.2d 252 (1980). Before a defendant can waive counsel and represent himself, the trial court must conduct the inquiry required by G.S. § 15A-1242 to make certain that defendant's waiver of counsel is done voluntarily and willingly and with full knowledge of the consequences. See Thacker, supra.

State v. Montgomery, 138 N.C. App. 521, 524, 530 S.E.2d 66, 68 (2000). "In conducting such inquiries, [p]erfunctory questioning is not sufficient." State v. Thomas, 331 N.C. 671, 674, 417 S.E.2d 473, 476 (1992) (internal quotation marks and citations omitted).
N.C. Gen. Stat. § 15A-1242 provides that
[a] defendant may be permitted at his election to proceed in the trial of his case without the assistance of counsel only after the trial judge makes thorough inquiry and is satisfied that the defendant:
(1) Has been clearly advised of his right to the assistance of counsel, including his right to the assignment of counsel when he is so entitled;
(2) Understands and appreciates the consequences of this decision; and
(3) Comprehends the nature of the charges and proceedings and the range of permissible punishments.
N.C. Gen. Stat. § 15A-1242 (2007).
In the present case, the trial court advised Defendant of her right to counsel and asked if she would like to have an attorney appointed in the following exchange:
THE COURT: [Defendant], you have the right to remain silent. Anything you say can be used against you. If you're found to have willfully violated your probation, you could be ordered to serve that eight to ten month sentence. You have the right to have a lawyer help you with your case. If you can't afford one, the court will appoint one. Do you understand those rights?
THE DEFENDANT: Yes, sir.
THE COURT: Do you wish to proceed with a lawyer or without?
THE DEFENDANT: Without, right now.
THE COURT: All right. Have her sign a waiver of her right to proceed with counsel, and be sworn to it.
Following Defendant's oral waiver, she signed and swore to a waiver of counsel form which stated
I freely, voluntarily and knowingly declare that . . . I waive my right to all assistance of counsel which includes my right to assigned counsel and my right to the assistance of counsel. In all respects, I desire to appear in my own behalf, which I understand I have the right to do.
The trial judge then certified the waiver as follows:
I certify that the above named defendant has been fully informed in open court of the charges against him/her, the nature of and the statutory punishment for each charge, and the nature of the proceeding against the defendant and his/her right to have counsel assigned by the court and his/her right to have the assistance of counsel to represent him/her in this action; that the defendant comprehends the nature of the charges and proceedings and the range of punishments; that he/she understands and appreciates the consequences of his/her decision and that the defendant has voluntarily, knowingly and intelligently elected in open court to be tried in this action . . . without the assistance of counsel, which includes the right to assigned counsel and the right to assistance of counsel.
"[W]here both the defendant and trial judge properly completed the form, the signed and certified written waiver creates a presumption that the waiver was knowing, intelligent and voluntary." State v. Hill, 168 N.C. App. 391, 396, 607 S.E.2d 670, 673, disc. review denied, 359 N.C. 324, 611 S.E.2d 839 (2005). However, "where the record indicates otherwise, that presumption is rebutted." Evans, 153 N.C. App. at 315, 569 S.E.2d at 675. "The execution of a written waiver of the right to assistance of counsel does not abrogate the trial court's responsibility to ensure the requirements of N.C. Gen. Stat. § 15A-1242 are fulfilled." Id. at 316, 569 S.E.2d at 675.
In State v. Cox, 164 N.C. App. 399, 595 S.E.2d 726 (2004), this Court held that the presumption created by a signed, written waiver was rebutted where the trial court failed to conduct the inquiry required by N.C. Gen. Stat. § 15A-1242. Id. at 402, 595 S.E.2d at 728. In Cox, the "defendant clearly and unequivocally stated he would represent himself. Thereafter, the trial court instructed him to execute a waiver but failed to proceed with the inquiry required under N.C. Gen. Stat. § 15A-1242." Id. at 401-02, 595 S.E.2d at 728. Our Court held that a written waiver of counsel was not a substitute for actual compliance with section 15A-1242 and "`that in the absence of . . . the inquiry required by [N.C. Gen. Stat.] § 15A-1242, it was error to permit [the] defendant to go to trial without the assistance of counsel.'" Id. at 402, 595 S.E.2d at 728 (quoting State v. White, 78 N.C. App. 741, 746, 338 S.E.2d 614, 617 (1986)).
In State v. Whitfield, 170 N.C. App. 618, 613 S.E.2d 289 (2005), however, this Court held that the presumption created by a signed, written waiver of counsel was not rebutted. Our Court held that the following exchange between the trial court and the defendant constituted a thorough inquiry as to whether the defendant's waiver was knowing, intelligent, and voluntary:
THE COURT: All right. [Defendant], do you understand that you have possibly 11 to 15 months hanging over your head?
DEFENDANT: Yes, ma'am.
THE COURT: You understand that?
DEFENDANT: Yes, ma'am.
THE COURT: If your probation is revoked, you may very well have your sentence activated, have to serve that time. You're entitled to have an attorney to represent you. Are you going to hire an attorney to represent you, represent yourself, or ask for a court appointed attorney[?] [O]f those three choices, which choice do you make?
DEFENDANT: Represent myself.
THE COURT: Put your left hand on the Bible and raise your right hand.
(The Defendant was sworn by the Court)
THE COURT: That is what you want to do, so help you God?
DEFENDANT: Yes, ma'am.
Id. at 621, 613 S.E.2d at 291.
Following this exchange and after signing a written waiver of counsel, the prosecutor asked the defendant to admit or deny the charges, to which the defendant responded, "`Excuse me. I cannot hire my own lawyer because I[.]'" Id. On appeal to this Court, the defendant argued that this statement suggested she was confused about her right to counsel. Id. However, this Court held that the timing and context of the defendant's statement did not suggest the defendant was confused about waiving her right to counsel. Id. at 622, 613 S.E.2d at 291-92. In affirming the decision of the trial court, this Court held that
the trial judge followed all three requirements set forth in N.C. Gen. Stat. § 15A-1242. [The trial judge] informed defendant of the right of assistance of counsel, including the right to a court-appointed attorney if defendant was entitled to one. The trial judge also made sure that defendant understood that her probation could be revoked, that her sentences could be activated, and that she could serve eleven to fifteen months in prison. Cognizant of these facts, defendant verbally gave a knowing, intelligent, and voluntary waiver of her right to counsel. Later, defendant signed a document indicating that she waived her right to counsel and wanted to appear on her own behalf. Therefore, we have no doubt that defendant intended to and did in fact waive her right to counsel.
Id. at 621, 613 S.E.2d at 291.
The facts in the present case align more closely with Whitfield than Cox. Here, the trial court advised Defendant of her right to the assistance of counsel and her right to appointed counsel if she could not afford to hire a lawyer. The trial court explained that if Defendant was found to have willfully violated her probation, she could be ordered to serve the eight to ten month sentence. The trial court asked Defendant if she understood, and Defendant replied, "Yes, sir."
After advising Defendant of her right to counsel and explaining the possible punishments that could be imposed, the trial court asked Defendant if she would like to proceed "with a lawyer or without[.]" Defendant answered, "Without, right now." Defendant then signed a waiver of counsel, on which she clearly selected the second box on the form, expressing her desire to "waive [her] right to all assistance of counsel[.]"
Defendant's response of, "Without, right now[,]" is somewhat ambiguous, and a further inquiry from the trial court would have been helpful to this Court's review. However, Defendant's response was not so nebulous as to rebut the presumption created by the signed waiver of counsel "that the waiver was knowing, intelligent and voluntary." Hill, 168 N.C. App. at 396, 607 S.E.2d at 673 (internal quotation marks and citation omitted).
The record on appeal contains an earlier waiver of counsel form from Onslow County District Court, on which Defendant placed markings beside both the waiver of assigned counsel and the waiver of all assistance of counsel. It appears from this form that Defendant incorrectly selected the box beside the waiver for all assistance of counsel, scratched out that selection, and then placed an "x" in the box beside the waiver of her right to assigned counsel. This form is not applicable to the proceedings in Onslow County Superior Court and cannot serve to rebut the presumption created by Defendant's signed waiver of counsel given at the probation violation hearing. Accordingly, for the foregoing reasons, Defendant's argument is overruled.

III. Revocation of Probation
Defendant next argues that the trial court abused its discretion by revoking Defendant's probation. Specifically, Defendant contends she presented competent evidence that her failure to comply with the terms of her probation was within the exception provided by N.C. Gen. Stat. § 15A-1364(b), and thus, the trial court abused its discretion in activating her suspended sentence. We disagree.
This Court reviews a trial court's order revoking probation for a manifest abuse of discretion.
All that is required is that the evidence be such as to reasonably satisfy the judge in the exercise of his sound discretion that the defendant has violated a valid condition upon which the sentence was suspended." [State v. Robinson, 248 N.C. 282, 285-86, 103 S.E.2d 376, 379 (1958)] (internal citations omitted). "The findings of the judge, if supported by competent evidence, and his judgment based thereon are not reviewable on appeal, unless there is a manifest abuse of discretion." State v. Guffey, 253 N.C. 43, 45, 116 S.E.2d 148, 150 (1960) (citations omitted).
State v. Tennant, 141 N.C. App. 524, 526, 540 S.E.2d 807, 808 (2000). An abuse of discretion occurs where the trial court's decision "is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." State v. McDonald, 130 N.C. App. 263, 267, 502 S.E.2d 409, 413 (1998) (internal quotation marks and citation omitted).
A defendant may be held accountable for breaching the conditions of his probation only if the court finds facts showing that the breach is willful, or that it is without lawful excuse. A probationer's inability to pay is a lawful excuse for his failure to comply with a probationary condition to reimburse the State for counsel fees unless, of course, the inability results from a lack of reasonable effort by defendant to obtain and have available the necessary funds.
State v. Foust, 13 N.C. App. 382, 384, 185 S.E.2d 718, 720 (1972) (citations omitted); see State v. Johnson, 124 N.C. App. 462, 474-75, 478 S.E.2d 16, 24 (1996) ("[A] convicted defendant ordered to pay a fine or costs may not be imprisoned for failure to comply if the delinquency in paying was `not attributable to a failure on his part to make a good faith effort to obtain the necessary funds for payment.'") (quoting N.C. Gen. Stat. § 15A-1364(b) (1988)).
If, upon a proceeding to revoke probation or a suspended sentence, a defendant wishes to rely upon his inability to make payments as required by its terms, he should offer evidence of his inability for consideration by the judge. Otherwise, evidence establishing that defendant has failed to make payments as required by the judgment may justify a finding by the judge that defendant's failure to comply was willful or was without lawful excuse.
State v. Young, 21 N.C. App. 316, 320-21, 204 S.E.2d 185, 187 (1974). Once there is competent evidence before the court which establishes a defendant's failure to comply with the terms of probation, "the burden is on the defendant to demonstrate through competent evidence an inability to comply with the terms." State v. Terry, 149 N.C. App. 434, 437-38, 562 S.E.2d 537, 540 (2002). "The trial judge, as the finder of the facts, is not required to accept defendant's evidence as true." Young, 21 N.C. App. at 321, 204 S.E.2d at 188.
At Defendant's probation violation hearing, Defendant admitted to violating the terms and conditions of her probation, as alleged in paragraph one of the 2 January 2009 probation violation report. Defendant testified to the following:
We lost our place to live. We have been living in a hotel, just living day by day. Like [my probation officer] said, I always go in, I always do what I'm supposed to. The weather is getting nicer and, hopefully, the work will pick up more. We're just  I'm just living day by day. The hotel is just eating up what we have. We haven't been able to find any[]place, and I just need some more time.
Defendant further testified that
work has just been slow, and I've looked for a job intermittently during the winter months, and it's just been hard because of my record. They do a lot of checking now. I'm doing the best I can. My understanding is, if I had made payments  if I didn't miss a payment in two months, I would come back to the court, and I tried to make some kind of payment in those two months in between. I guess that was wrong, on my part, with the understanding that I have.
Defendant contends that her testimony constituted competent evidence that her failure to make the required payments was not willful. We disagree. Defendant's testimony that "work has been slow" and that her living expenses were taking all her earnings does not constitute a "lawful excuse[,]" Young, 21 N.C. App. at 320-21, 204 S.E.2d at 187, nor does it demonstrate an inability to pay. Defendant admitted that she had not regularly looked for work, opting instead to work for her fiancé. No evidence was offered that Defendant was physically or mentally incapable of working and earning sufficient wages to make payments on her court indebtedness. Moreover, even where a defendant offers evidence that tends "to show that [s]he was unavoidably without the means to make payments as required by [her] probationary judgment[, the] trial judge, as the finder of the facts, is not required to accept defendant's evidence as true." Id. at 321, 204 S.E.2d at 188.
Accordingly, on these facts, we cannot conclude that the trial court's decision to revoke Defendant's probation "is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision." McDonald, 130 N.C. App. at 267, 502 S.E.2d at 413. We thus conclude that the trial court did not abuse its discretion in revoking Defendant's probation.
AFFIRMED.
Judges HUNTER, JR. and BEASLEY concur.
Report per Rule 30(e).
NOTES
[1] In North Carolina v. Alford, 400 U.S. 25, 27 L. Ed. 2d 162 (1970), the Court held that a defendant may enter a guilty plea containing a protestation of innocence when the defendant intelligently concludes that a guilty plea is in his best interest and the record contains strong evidence of actual guilt. Id. at 37-39, 27 L. Ed. 2d at 171-72.